# Smith *v.* Kaufman.

*Trespass against Sheriff and Sureties on Official Bond.*

1. *Error without injury in ruling on evidence.*—If an objection to a
question is erroneously overruled, the error will not work a reversal,
when the record shows that the answer of the witness was favorable
to the party objecting.

2. *When trespass lies against sheriff; consent to wrongful levy.*—When
a sheriff levies an attachment on a stock of goods in the possession
of a person who claims under a purchase from the defendant in the
writ, and who, after consulting with his attorney, declines to make a
claim bond, and tells him to "go ahead and levy," or "go ahead and
close the doors;" this does not show that he consented to the levy, nor
affect his right of action as for a trespass.

3. *Charge as to fraud, invading province of jury.*—A charge given,
instructing the jury that "courts will not strive to force conclusions
of fraud, and if the facts and circumstances in evidence, relied on to
sustain the charge of fraud, are fairly susceptible of an honest intent,
that construction will be placed upon them," invades the province of
the jury, and constitutes reversible error.

4. *Purchase of goods from insolvent creditor; facts charging purchaser
with notice.*—On a purchase of a stock of goods from an insolvent
debtor, the fact that the purchaser, while negotiating and taking an
inventory of the goods, saw the invoices, which showed that the goods
were bought on credit, is not sufficient, of itself, to put him on inquiry
as to the debtor's pecuniary condition, and thus charge him with no-
tice of his insolvency.


APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by S. Kaufman against J. S. Smith,
who was the sheriff of the county, and four other persons,
who were the sureties on his official bond; and sought to re-
cover damages for an alleged trespass in entering on certain
premises, particularly described, and taking from the store-
house a stock of goods. The trespass consisted in the levy
by one Sharpe, a deputy-sheriff, of an attachment against one
Bandman on a stock of goods which the plaintiff claimed to
have purchased from said Bandman. The attachment was

[Smith v. Kaufman.]

levied on the 19th March, 1889, and the plaintiff's bill of sale from Bandman, which was offered in evidence on the trial, was dated March 11th, 1889. The defendants pleaded not guilty, and a special plea of justification under the attachment, on the ground that the goods belonged to Bandman, and were subject to the levy; and they offered evidence on the trial impeaching the validity of the sale to plaintiff on the ground of fraud. The evidence showed that, when the deputy-sheriff went into the store to make the levy, he told plaintiff that he had an attachment against Bandman, and asked him to point out Bandman's goods, or the goods he claimed to have bought from Bandman, and suggested that he make a claim-bond and try the right of property; that the plaintiff went out and consulted with his attorneys, and on his return, declining to make a claim-bond, he told the officer to "go ahead and levy on the goods," or "go ahead and close the doors," and that the officer then made the levy. During the examination of the deputy-sheriff as a witness, as to the circumstances attending the levy of the attachment, he was asked on cross-examination, "Did not he [one Levy] say that the goods came from Bernstein's?" and answered, "No, sir." The defendants objected and excepted to the allowance of this question, but not to the answer. It was admitted that the sheriff had been indemnified by the plaintiffs in attachment, to procure the levy by him; but his official bond was not offered in evidence, nor any other evidence as against the sureties, so far as the bill of exceptions shows, which purports to set out all the evidence.

The court gave the following charges to the jury, on request of the plaintiff: (1.) "Courts will not strive to force conclusions of fraud, and if the facts and circumstances in evidence, relied on to sustain the charge of fraud, are fairly susceptible of an honest intent, that construction will be placed upon them." (2.) "If the plaintiff's goods were wrongfully levied upon, the law would not require him to give a claim-bond, and have a trial of the right of property in and to the goods levied on, but gave him the choice to allow the goods to be carried away, and, if the levy should be wrongful, to bring such an action as the present, and secure [recover] damages for such wrongful act."

The defendants excepted to each of these charges as given, and also to the refusal of each of the following charges, which were asked by them in writing: (1.) "If the jury believe from the evidence that the plaintiff said to Sharpe, before he made any levy on the goods, and before Sharpe had taken the goods into his possession, to 'go ahead and make the levy on the goods,' and that then Sharpe proceeded to

[Smith v. Kaufman.]

make the levy in this case, in pursuance of what the plaintiff told him to do, then I charge you, as this is a case of trespass, the plaintiff can not recover in this action, and your verdict must be for defendants." (2.) "If the jury believe from the evidence that the plaintiff told the witness Sharpe to 'go ahead and make the levy,' before any levy was made, and before Sharpe took possession of any of the goods, then they must find for defendants." (3.) "If the jury believe the evidence in this case, they must find for defendants." (4.) "If the jury believe the evidence under the third plea filed in this case, they must find for the defendants." (5.) "If the jury believe from the evidence that the plaintiff, while negotiating for the purchase of said goods from the said Bandman, had access to and did see the bills of said Bandman of the purchase of said goods, and that said bills showed that said goods had been purchased on credit, that such knowledge was sufficient to put the plaintiff on inquiry as to the solvency of said Bandman, and, if proper inquiry would have disclosed the insolvency of said Bandman, then their verdict must be for the defendants." (6.) "If the jury believe from the evidence that the plaintiff knew that Bandman had purchased the goods, which he was offering to sell to him, on credit, and that Bandman was selling him all his stock of goods in bulk, and that Bandman had been doing a retail business in the city of Birmingham up to the time of said sale; and if they further believe from the evidence that Bandman, at the time of said sale, was insolvent; then I charge you that such circumstances were sufficient to put the plaintiff on inquiry as to the solvency of Bandman; and if the jury believe that a proper inquiry on the part of the plaintiff would have disclosed the insolvency of Bandman, then I charge that you must find for defendants." (7.) "If the jury believe from the evidence that, prior to the time of alleged sale and purchase of the goods, Bandman was in the employ of Kaufman in South Alabama in the mercantile business, and at the time of said sale, when the inventory was made, that Bandman and Kaufman used the bills of lading showing that the goods were bought by Bandman on time, in making up said inventory; these are circumstances to which they may look in determining the question as to whether Kaufman knew of Bandman's insolvency, or by reasonable diligence had opportunity to know it; and if they believe from the evidence that Kaufman knew of Bandman's insolvency, or had opportunity by the exercise of due diligence to know it at the time he purchased the stock of goods, they would be authorized to find a verdict for defendants, so far as the goods of Bandman are concerned."

[Smith v. Kaufman.]

The jury returned a verdict for the plaintiff, assessing his damages at $335.77; and the court thereupon rendered judgment against "said defendant, J. S. Smith, and the sureties on his official bond," for that sum.

The rulings on evidence, the charges given, and the refusal of the charges asked, are assigned as error.

GARRETT & UNDERWOOD, for appellants.

LEA & BELL, *contra.*

McCLELLAN, J.—The question which the trial court allowed to be addressed to the witness Sharpe, against defendant's objection, may have been improper—it is not necessary to determine whether it was or not; but, if so, no injury resulted to the appellants in that Sharpe's answer thereto, assuming the relevancy of the proposed testimony, was favorable to them.—*Holland v. Bergan*, 89 Ala. 622; *Insurance Co. v. Moog*, 78 Ala. 284.

2. It seems that when the sheriff was about to levy on the goods found in Kaufman's possession, as the property of Bandman, he suggested to him that he make a claim-bond, and that after consulting with his counsel Kaufman declined to interpose a claim, preferring, as was stated at the time, to hold the sheriff responsible as for a trespass, and told the officer "to go ahead and levy," or "to go ahead and close the doors." Very clearly, he had the unfettered right to make this election; and we are unable to conceive how the expression of the election in the language we have quoted, could have conferred any right on the officer which he did not before possess, or in any way have prejudiced or estopped Kaufman from the assertion of any right which would otherwise have been his. Charge 2 given at the instance of the plaintiff states the law correctly in this regard, and charges 1 and 2 requested by defendants, which were addressed to these matters, were well refused, when reference is had to the evidence, on the grounds both that they would have misled the jury, and that they were affirmatively erroneous.

3. Charge 1 requested by plaintiff is substantially the same as an instruction held to be bad at the last term in the case of *Skipper et al. v. Reeves*, 8 So Rep. 804 (93 Ala. 322); and for the reasons there set forth, we hold the giving of this charge to have been erroneous.

4. The insolvency of Bandman, from whom plaintiff purchased the goods, was not controverted. One of the main inquiries in the case was as to Kaufman's knowledge either

[Smith v. Kaufman.]

of his vendor's insolvency, or of facts which amounted to constructive notice of it. As pertinent to this inquiry, it was shown that Kaufman, in making an inventory of the stock with a view to its purchase, used invoices of certain of the goods which had been made out by the persons from whom Bandman had bought them, and that these bills showed that the goods had been bought on credit. It was not made to appear what dates the bills have, nor the time of credit in any instance, nor, indeed, that either of these facts was shown by them. For aught that does appear, these bills may have antedated the longest term of credit known in the particular line of business. Moreover, there is no evidence that the bills indicated that the amounts they represented had not been paid. All, in fact, which it can be affirmed that they tended to show, was that Bandman, at some time in the past, had bought some of the goods found in the stock on time. We are far from believing that this fact was sufficient to raise up in the mind of Kaufman suspicion of Bandman's solvency, sufficient to put upon him the *onus* of inquiry on that subject, and to charge him with a knowledge of all the facts which such inquiry, diligently prosecuted, would have disclosed. On the contrary, we apprehend that the naked fact of Bandman's having been able to purchase goods on a credit—and that is all we have here—would rather tend to prevent and allay suspicion of his solvency than otherwise. Charges 5 and 6 of the defendant's series, which assert that the facts that Kaufman saw the bills of the goods in question as furnished to Bandman by the merchants from whom he purchased, and that said bills showed the purchases to have been made on credit, were sufficient to put the plaintiff on inquiry, &c., were in our opinion properly refused.—*Stix & Co. v. Keith*, 85 Ala. 465.

The questions arising out of the trial court's refusing charges 3 and 4 requested by defendants need not arise on another trial; and we deem it unnecessary to decide them. For the error pointed out above, the judgment is reversed, and the cause remanded.