# Williams *v.* McKissack.

*Action of Trover.*

1. *Trover; fraudulent conveyance; privileged communications between attorney and client.*—In an action of trover against a sheriff for the alleged wrongful conversion of personalty which had been levied upon and sold by him under a writ of attachment, as the property of plaintiff's brother, where the plaintiff claimed his right to the property in controversy by reason of the purchase thereof from his brother, and the defendant contended that such sale was fraudulent as to the creditors of the plaintiff's brother, an attorney, introduced as a witness, can not refuse to answer questions propounded to him, upon the ground that the facts inquired about constituted privileged communications, since he received his information in reference thereto as attorney for plaintiff's brother, who was the defendant in the attachment suit, but was not a party to the pending action.

2. *Fraudulent conveyance; relationship of parties as evidence of fraud.* In an action involving the validity of the sale of goods by an insolvent debtor, a charge which instructs the jury that the law requires them "to scrutinize a transaction between relatives with more care than is necessary when the transaction is between strangers, especially when the rights of creditors intervene." is properly refused.

3. *Trover; action against sheriff for wrongful attachment; charge to the jury.*—In an action of trover against a sheriff for the wronful conversion of property levied upon and sold under a writ of attachment, a charge which instructs the jury that "Unless the jury are reasonably satisfied from the evidence that before the commencement of the suit the plaintiff demanded possession of the property, the verdict must be for the defendant," is erroneous and properly refused.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. W. L. PARKS, Special Judge.

This was an action of trover, brought by the appellee, R. L. McKissack, against the appellant, L. D. Williams, to recover damages for the wrongful conversion of a stock of goods. The material facts of the case are sufficiently stated in the opinion.

Upon the introduction of one B. G. Farmer as a witness, he testified that he knew R. L. McKissack, and that during the summer of 1892, when S. J. McKissack was off buying goods for the fall trade, the said R. L.

McKissack was in charge of the business of said S. J. McKissack in Dothan, Ala.; that while said R. L. Mc-Kissack was so in charge of said business, witness had a conversation with said R. L. McKissack in reference to an application which had been made by S. J. McKissack to borrow one thousand dollars from parties in Dothan; that he went to see J. R. Crawford about said application; that according to the best recollection of the witness he went to see said Crawford at the instance of S. J. McKissack, from whom he had received a telegram or letter instructing witness to borrow of said Crawford $1,000; that witness informed said Crawford that said S. J. McKissack wanted to borrow said sum of money, and that after his conversation with said Crawford, witness went to see R. L. McKissack; that he, Farmer, was at the time of said conversation with said J. R. Crawford and plaintiff, the attorney of said S. J. McKissack, but that he was not generally retained by said S. J. McKissack. Defendant then propounded to witness the following question, viz.: "When you went to see J. R. Crawford, about the application of S. J. McKissack for said loan of money, did not said Crawford refuse to loan said money, unless R. L. McKissack was equally responsible and liable with S. J. McKissack for debts contracted in the interest of the business of S. J. McKissack?" Witness declined to answer said question on the ground that at that time he was the attorney of S. J. McKissack, and the defendant moved the court to require the witness to answer said question. The court refused said motion and the defendant excepted. In support of said motion the defendant stated to the court that he expected to show by the answer of the witness to the foregoing interrogatory that Crawford refused to loan said money to S. J. McKissack unless R. L. McKissack was equally responsible and liable with S. J. McKissack for debts contracted in the interest of the business of S. J. McKissack, and thereupon again moved the court to require the witness to answer the question propounded to him. The court again refused said motion, and the defendant excepted. Defendant then propounded to the witness the following question: "Did you not after your conversation with J. R. Crawford, go to R. L. McKissack in the storehouse of S. J. McKissack in Dothan, Ala., and tell him what had passed in your

conversation with J. R. Crawford in reference to the ap-' plication of S. J. McKissack to borrow money, and did not R. L. McKissack state to him, Farmer, that he, R. L. McKissack, was a partner with S. J. McKissack in the business done in the house of S. J. McKissack and was equally interested with him, just as he was in the old firm of R. L. McKissack & Co.; that he was equally responsible and liable for debts contracted in the business of S. J. McKissack; that the old firm of R. L. McKissack & Co. had been dissolved in order that 'they might run the business in the name of S. J. McKissack, it being agreed at the time of said dissolution that S. J. McKissack was to buy large quantities of goods on credit; that he was not to pay for said goods but was to fail, and after such failure that he, R. L. McKissack, was to obtain possession of the goods then on hand and run the business in his name?" Witness refused to answer said question. Thereupon defendant moved the court to require the witness to answer said question, and at the time stated to the court that he expected to show by the answer of said witness the state of facts as outlined in said interrogatory. The witness, Farmer, based his refusal upon the ground that he was at the time the attorney for S. J. McKissack. The court refused the motion of defendant, and defendant excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The law requires the jury to scrutinize a transaction between relatives, with more care than is necessary when the transaction is between strangers, especially when the rights of creditors intervene." (2.) "Unless the jury are reasonably satisfied from the evidence that before the commencement of the suit the plaintiff demanded possession of the property the verdict must be for the defense."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the rulings of the court upon the evidence, and the refusal to give the charges requested by him.

W. W. SANDERS, for appellant.—The court erred in not requiring the witness, Farmer, to answer the ques-

tions propounded to him.—19 Amer. & Eng. Encyc. of Law, 129; *House v. House*, 61 Mich. 69, 1 Amer. St. Rep. 570; *Hatton v. Robinson*, 25 Amer. Dec. 415; *Rowland v. Plummer*, 50 Ala. 182.

The first charge requested by the defendant should have been given.—*Marx Bros. v. Leinkauff*, 93 Ala. 453; *Hubbard v. Allen*, 59 Ala. 283; *Bell v. Kendall & Co.*, 93 Ala. 489.

R. H. WALKER, *contra*, cited *Railway Co. v. Yeates*, 67 Ala. 164; *Moog v. Strang*, 69 Ala. 98; *Yonge v. Hooper*, 73 Ala. 119; *Dickinson v. Bradford*, 59 Ala. 581; *Ware v. Russell*, 57 Ala. 43.

COLEMAN, J.—Voorhees, Miller & Co. sued out an attachment against one S. J. McKissack, which was levied in December, 1892, upon certain personal property and sold by the sheriff. R. L. McKissack, the appellee, sued the sheriff in trover for the conversion of the property. There was evidence that prior and up to April, 1892, the plaintiff and S. J. McKissack, who were brothers, did business as partners under the firm name of R. L. McKissack & Co., and there was evidence to the effect that on that day the firm was dissolved, S. J. McKissack buying out the interest of R. L. McKissack, and continuing the business in his own name. The property in controversy, after the dissolution, belonged to S. J. McKissack. The plaintiff testified that before the levy of the attachment, he purchased the property of S. J. McKissack and gave him credit for its full value upon an existing indebtedness. The defendant's contention was, *first*, that the sale to R. L. McKissack was fraudulent and void, and made to hinder, delay and defraud creditors; and *second*, that although there had been an apparent dissolution of the partnership in April, 1897, in fact, R. L. McKissack continued to be a member of the firm and equally liable for the debts of S. J. McKissack; that there was a mere change in the name of the partnership, but none actually as to the members composing the firm. To establish the theory of the defendant, he propounded certain questions to B. F. Farmer, an attorney, to which the court sustained an objection, and which rulings are assigned as error. *Prima facie*, what passed between Crawford and the wit-

ness, the plaintiff being absent, was irrelevant and illegal. If the witness repeated the conversation to R. L. McKissack, the *prima facie* objection did not arise. The court sustained the objection upon the ground that the witness received the information from R. L. McKissack in his capacity as attorney for S. J. McKissack. R. L. McKissack, the plaintiff, testified that Farmer was not in his employment as an attorney at the time. In fact, he denied having any such conversation with Farmer. The attorney himself, Farmer, did not claim that the conversations were privileged upon the ground that he was the attorney of R. L. McKissack, but solely upon the ground that at the time he was the attorney of S. J. McKissack, the defendant in the attachment suit. S. J. McKissack is not a party to the present suit. The attorney for the defendant stated to the court the facts he expected to prove, and we can not conceive of any possible injury to result to S. J. McKissack, the defendant in the attachment suit, from such facts. The evidence shows affirmatively, we think, that the relation of attorney and client did not exist as between the plaintiff and the witness, and the statements were not entitled to be privileged. We are of opinion the court erred in not requiring the witness to answer.

There was no error in refusing the charges requested by defendant.—*Skipper v. Reeves,* 94 Ala. 407.

Reversed and remanded.