# Baker *v.* Hutchinson.

### *Trover.*

(Decided June 6th, 1906. 41 So. Rep. 809.)

1. *Chattel Mortgages; Conversion; Wrongful Taking; Complaint.*— A count in a complaint which alleges that defendant took possession of and converted to his own use cotton raised by a third person who had given plaintiff a mortgage on such cotton, sufficiently shows plaintiff's lien and defendant's wrongful taking of the lien property.

2. *Same; Interest of Plaintiff; Pleading.*—Where the complaint alleges that plaintiff had a lien on the cotton converted, by virtue of a mortgage executed to him by a third person, who raised the cotton so converted; that the mortgage was recorded in a certain book, in the probate office, on a certain date, in the county where defendant took the cotton, sufficiently shows plaintiff's lien and its destruction by defendant.

3. *Fraud; Pleading.*—The facts constituting the fraud must be stated, and a general averment of fraud is insufficient.

4. *Chattel Mortgages; Conversion; Defense of Prior Lien; Pleadings.* A plea setting up as a defense that the property converted

[Baker v. Hutchinson.]

was taken by defendant by virtue of a mortgage executed to defendant by the owner of the property, is subject to demurrer for not stating facts to show that such mortgage constituted a prior lien or superior title to the one relied on by the plaintiff.

5.  *Same; Release of Property; Pleadings.*—A plea to an action for destroying the mortgage lien of plaintiff which avers that when the mortgage was executed to plaintiff it was agreed between plaintiff and his mortgagor that enough of the crop so mortgaged should be disposed of by the mortgagor to enable him to procure supplies to make the crop, and that any cotton defendant may have obtained from the mortgagor was to pay for supplies to make the crop, furnished mortgagor by defendant, and that such supplies were necessary to enable mortgagor to make the crop, was not sufficient, as no facts are stated showing a release by the mortgagee of the particular cotton alleged to have been converted, in accordance with the agreement.

6.  *Same; Interest of Plaintiff; Evidence.*—The mortgage and secured notes were properly introduced as links in the chain of plaintiff's title, and as showing the amounts due on them.

7.  *Same; Variance Between Mortgage and Notes.*—The fact that the wife's name did not appear on the notes, as was stated in the mortgage, created no such variance as would impair the mortgage as a security for the debts of the actual maker.

8.  *Same; Ownership of Chattels; Evidence.*—The ownership of the land on which the cotton was grown by the mortgagor, when there is nothing shown to the contrary, is sufficiently proven by the mortgage, dated 1902, being given on the crop of 1903, and evidence of plaintiff that the mortgagor lived in 1903 on the land sold him by plaintiff.

9.  *Action; Trover and Case; Waiver of Tort.*—The owner of the lien does not waive his right to sue in trover or case for conversion, or the destruction of his lien, by requesting the one who has converted the lien chattels to pay him the amount realized therefrom.

10. *Trover and Case; Damages; Evidence.*—The fact that three bales of cotton were converted by defendant, together with proof of the value of cotton per pound is sufficient to authorize a verdict for more than nominal damages, without proof of the weight of each bale.

APPEAL from Tallapoosa Circuit Court.

Heard before HON. S. L. BREWER.

Action by Columbus Hutchinson against D. W. Baker. Judgment for plaintiff. Defendant appeals.

The complaint was in the following language: "The plaintiff claims of the defendant the sum of $200 damages for the wrongful conversion by him, on or about the 15th day of October, 1903, of the following personal property, to-wit: Three bales of lint cotton, the property of plaintiff. (2) The plaintiff further claims of the defendant the sum of $200 damages for this: that on or about the 15th day of October, 1903, the defendant did take possession of and converted to his own use three bales of lint cotton, which was raised by or caused to be raised by W. T. Thomaston in Tallapoosa county, Ala., during the year 1903; and the plaintiff alleges that he has a lien on said cotton by virtue of a mortgage executed by said Thomaston to this plaintiff on the 8th day of December, 1902, and duly recorded in the office of the judge of probate of Tallapoosa county, the county where said property was at the time the same was received by the defendant, which said mortgage was recorded on the 10th day of December, 1902, in book 104, p. 327; and the plaintiff alleges that with notice of said lien the defendant took possession of said property and has sold or otherwise disposed of the same to his own use and benefit, so that plaintiff cannot enforce his lien on said cotton."

Demurrers were assigned to the second count as follows: "Said count fails to show that the defendant wrongfully took possession of the property described therein. (2) Said count fails to show that the defendant did wrongfully take possession of and wrongfully convert to his own use three bales of lint cotton, which was raised or caused to be raised by W. T. Thomaston in Tallapoosa county, Ala., during the year 1903. (3) Said count states a mere conclusion of the pleader, where it says that plaintiff had a lien by virtue of the mortgage, when said mortgage nor the substance thereof is not set out. (4) The statements or averments fail to show that plaintiff had a lien on said cotton. (5) Said count fails to show that the mortgage referred to therein constituted a lien on said three bales of cotton.

(6) Said count is too vague and indefinite for defendant to·join issue on. (7)·For aught that appears, the taking of said three bales of cotton was rightfully done by defendant. (8) Said count does not show with sufficient certainty what the defendant did with the cotton, and fails to show how and in what manner defendant disposed of the cotton. * * * (10) It is stated as a' mere conclusion that plaintiff had a lien ·on the cotton." These demurrers were overruled.

The defendant filed the following plea: "Plea 3. The defendant says the mortgage referred to in the second count of the complaint is void against this defendant, in this: that the said Thomaston was indebted to this defendant at the time of the execution of the mortgage, and that said mortgage was given for the purpose of hindering, delaying, or defrauding this defendant, and that the plaintiff participated in said fraud." Demurrers were interposed to this plea as follows: "Because said plea is too indefinite to advise the plaintiff what he is called upon to defend. Said plea fails to allege that the plaintiff knew of or took part in the fraudulent giving or taking of the mortgage. Said plea does not allege that the plaintiff had any connection with the fraud therein charged. Because the vendee cannot set up the fraud in the giving of the paper here set out. The plea fails to set out the facts which constitute the fraud." These demurrers were sustained and defendant filed plea 4: "Defendant says further, that if it got the cotton and property described in said complaint, and converted it to its own use, it was under and by virtue of the authority conferred in a mortgage executed by said W. T. Thomaston to this defendant, and defendant avers that said mortgage conveyed to this defendant the legal title to the property, and that defendant was therefore justified in converting said property to his own use." Demurrers were interposed to this plea as follows: "The same does not show that defendant's mortgage was executed prior to the mortgage of plaintiff described in said complaint. Because said plea does not sufficiently describe the claim asserted to the property by the defendant." These demurrers were

[Baker v. Hutchinson.]

sustained. Defendant filed plea 5: "At the time the said W. T. Thomaston executed the mortgage described in the complaint, it was agreed between said Thomaston and the plaintiff that enough of the crop grown by said Thomaston should be disposed of by said Thomaston to enable him to secure supplies to make a crop during the year 1903, and defendant says that any cotton that he got from said Thomaston was to pay for supplies to make said crop furnished said Thomaston by defendant, and that said amount of supplies were necessary to be furnished said Thomaston to make his crop." Plaintiff demurred to plea 5 as follows: "Because said plea fails to allege that the particular cotton described in the complaint and alleged to have been converted was released by said transaction set out and described in said plea 5."

D. H. RIDDLE, for appellant.—The second count was insufficient and the demurrers thereto should have been sustained.—*Jones v. Webster,* 48 Ala. 109; *Fields v. Karter,* 121 Ala. 329; Jones' Chattel Mortgage, § 140. The demurrers to plea 3 were general demurrers and should have been overruled for that reason.—104 Ala. 335; 3 Brick. 389. The mortgage and notes should have been excluded.—*Patterson v. Irvin,* 132 Ala. 557.

GEO. A. SORRELL, for appellee.—Plea 3 was a plea setting up fraud and did not aver facts showing the fraud. —*McDonald v. Pearson,* 114 Ala. 630; *Reynolds v. Coal Co.,* 100 Ala. 296; *Loucheimer v. Bank,* 98 Ala. 521. Counsel discuss other issues but cite no authorities.

WEAKLY, C. J.—The second count of the complaint was not subject to the demurrer interposed. It was sufficiently definite under our liberal rules of pleading, and made a case of liability for the destruction of plaintiff's alleged lien, growing out of the mortgage. It was not necessary to allege the evidential facts which would upon the trial, be relied on to establish the existence of the lien. There was no necessity for more specific averments.

The demurrer to the third plea, as amended, was properly sustained. The plea did not allege the facts out of which the fraud was supposed to arise. When fraud is pleaded at law or in equity, the facts out of which it is supposed to arise must be stated. A mere general averment of fraud without such facts is insufficient.—*Reynolds v. Excelsior Coal Co.,* 100 Ala. 296, 14 South. 573.

The fourth plea did not show that the mortgage relied on by the defendant was prior or superior to that of the plaintiff, and, as the demurrer pointed out this vice, it was properly sustained.

The fifth plea was lacking in averments to show a release of the cotton in question in accordance with the agreement alleged to have been made between the mortgagor, Thomaston, and the plaintiff at the time of the execution of the mortgage, and was defective.

The plaintiff had the right to introduce the mortgage and notes as links in his chain of evidence to support the complaint and to prove how much was due thereon at the commencement of the suit. Evidence that the sum of $300 was owing on the notes and mortgage shows that the mortgage was supported by consideration. The fact that the wife's name did not appear on the notes as the mortgage recited would not impair the mortgage as a valid security for the notes as the obligation of the husband.

It is true that no witness stated in so many words that Thomaston owned the lands on which the cotton was grown at the time the mortgage was executed, yet, taking the date and the recitals of the mortgage in connection with the plaintiff's testimony that Thomaston lived in 1903 on the place sold him by the plaintiff and grew the cotton on that place, the only rational interpretation to be placed upon the evidence, in the absence of anything to the contrary, is that Thomaston bought the place prior to 1903, and that the purchase was made either prior to or contemporaneous with the execution by him of the mortgage to the plaintiff on December 8, 1902. No just inference could be drawn which would

authorize a jury to find that the plaintiff took a mortgage upon his own property from Thomaston to secure the latter's debt.

The plaintiff waived no right to sue in this action by calling on defendant to pay him the amount realized on the cotton. We think that evidence of a conversion by defendant of three bales of cotton, its value per pound being shown, authorized the jury, without proof of the weight of each bale, to find that plaintiff had sustained more than nominal damages, and hence the charge limiting the recovery to nominal damages, requested by defendant, was rightly refused.

There was no conflict in the evidence, and the circuit court committed no error in giving the affirmative charge for the plaintiff.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.