# Dixie v. Harrison.

## Trespass and Trover.

(Decided June 10, 1909.—50 South. 287.)

1. *Mortgages; Chattel Mortgages; Failure to Record; Subsequent Purchaser.*—Under section 1009, Code 1896, one who purchases personal property in good faith for value and without notice of an unrecorded chattel mortgage, acquires title as against the original owner, who has taken the mortgage to secure the purchase price of the property from the seller of the property.

2. *Same; Conversion by Mortgagee; Acts Constituting.*—One who buys personal property for value and without notice of an unrecorded chattel mortgage on the same may sue the mortgagee for conversion, for the taking and disposal of the property, although no objection was made to the taking.

3. *Trover and Conversion; Demand; Necessity.*—A demand in trover is necessary only where the original taking was rightful and a demand and refusal was necessary to constitute conversion; where the original assumption was wrongful thus constituting in itself a conversion, suit may be instituted without demand.

4. *Same; Waiver; Demand of Payment.*—A demand for payment of the property converted is not a waiver of the right to sue in trover for conversion.

5. *Pleading; Frivolous Pleading; Motion to Strike.*—Pleas as an answer to an action in trespasse and trover which set up that plaintiff voluntarily surrendered to the defendant the possession of the mule, and that defendant had sold it to a third person, and had taken a mortgage for the price, and that on default and payment of the mortgage defendant obtained possession of the mule from plaintiff, are not frivolous or irrelevant within the meaning of section 5322, Code 1907, and hence, are not subject to motion to strike.

[Dixie v. Harrison.]

6. *Same; Objections; Demurrer.*—Pleas that are bad to the complaint as a whole, but good as to some of the counts, are not subject to motion to strike. The defects should be pointed out by demurrer.

APPEAL from Marengo Circuit Court.

Heard before Hon. W. W. QUARLES, Special Judge.

Action by Josh Dixie against W. C. Harrison. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The special pleas are as follows: "(3) That the plaintiff voluntarily surrendered the mule, for which damage is now sought, to the defendant. (4) The plaintiff voluntarily surrendered possession of the mule for which damage is now sought to the defendant, or the agent of the defendant. (5) That defendant sold mule in controversy to one J. M. Moore, and took a mortgage on the said mule for the purchase money, and that when said mortgage became due the said Moore defaulted in the payment of the same, and that the defendant sent his agent to the said Moore, after the maturity of said mortgage, for the mule, and that the said Moore told his said agent that the plaintiff then had said mule, and for the agent to return the following day and he could get the mule; that the said agent did return the day following; that Moore then informed him that the plaintiff had said mule, and to go and get him; that said agent went to the plaintiff and told plaintiff that he had come for the mule, whereupon plaintiff gave the said agent of the defendant the said mule of his own accord and voluntarily. (6) That the defendant surrendered possession of the said mule to the plaintiff voluntarily, and that prior to any demand for the return of said mule and the bringing of this suit, and before the defendant knew the plaintiff claimed said mule, the defendant sold said mule, and does

20—163

not know where said mule is; that plaintiff surrendered said mule in the first part of the year 1906, and did not make a demand upon defendant for the same until more than six months thereafter."

Motion was made to strike these pleas, and after it was overruled the following demurrers were filed: "(1) The pleas are no defense to this suit. (2) They seek to raise an immaterial issue. (3) Because pleas 4, 5, and 6 set up an estoppel, and do not allege matters that amount to an estoppel. (4) Because plea 5 does not allege that plaintiff had knowledge of the mortgage taken by the defendant to secure the purchase price of said mule, and does not allege that same was recorded before plaintiff purchased said mule. (5) Because pleas 5 and 6 attempt to set up matters of defense that are obnoxious to the statute of frauds. These demurrers being overruled, replications were filed; but it is not deemed necessary to set them out.

GEORGE PEAGRAM, for appellant.—The court should have stricken pleas 3, 4, 5, and 6, as they set up no defense to the complaint.—*Thornton v. Cochran*, 51 Ala. 415; *Dudley v. Abner*, 52 Ala. 572; *Ware v. S. L. B. & R. R. Co.*, 47 Ala. 667; 38 Am. Dec. 540; 28 A. & E. Ency. of Law, 555 and 558; Sections 1009, 1017 and 3286, Code 1896. Demurrers to the pleas should have been sustained as they fail to state that plaintiff had notice of defendant's lien or that his mortgage was recorded.—Authorities supra, and *Stevens v. Head*, 138 Ala. 455; *Grimmer v. Nolan*, 40 South. 97; *Whittlesheffer v. Straus*, 83 Ala. 517. The court erred in its oral charge.—*Carter v. Fulgham*, 134 Ala. 238. The court should have given written charge 2 requested by the plaintiff.—*Miller v. Clay*, 57 Ala. 162. Counsel discuss other assignments of error not necessary to be here set out.

ELMORE & HARRISON, for appellee.—Counsel do not discuss the merits of the case. They insist that under the facts of the signing of the bill of exceptions that it should be stricken, and cite *Rainey v. Ridgeway*, 43 South. 843, in support thereof.

MAYFIELD, J.—The complaint in this cause, as last amended, consisted of six counts, designated as 1, 2, 3, 4, A, and B. Counts 1, 2, and 3 were in trespass, for the wrongful taking of one bay mare mule. Count 4 was in trover, for the conversion of the same mule. Counts A and B were also in trespass, count A setting up the facts constituting the trespass. To this complaint defendant filed six pleas; the first two being the general issue, and pleas 3 and 4 attempting to set up the defense that the plaintiff voluntarily surrendered the mule to the defendant. Plea 5 set up that the defendant sold the mule to one J. M. Moore, taking a mortgage thereon for the purchase money, and that, when the mortgage became due, Moore defaulted in its payment, whereupon the defendant sent his agent to Moore for the mule; that Moore told the agent to return the following day, when he could get the mule; that he returned the following day, and Moore then informed him that the plaintiff had the mule and to go and get it; that defendant's agent then went to plaintiff and told him he had come for the mule, whereupon the plaintiff, of his own accord and voluntarily, gave the mule to the agent of the defendant. Plea No. 6 was that the plaintiff surrendered the possession of the mule to the defendant voluntarily, and that prior to the demand for the return and the bringing of the suit, and before defendant knew of the plaintiff's claim, the defendant sold the mule, and did not know where it was; that the plaintiff surrendered the mule in the first

part of the year 1906, and did not make demand for the same upon the defendant for more than six months thereafter. The plaintiff moved to strike the special pleas 3, 4, 5, and 6 upon the grounds set up in the motion. The court overruled the motion, and the plaintiff excepted. The plaintiff then demurred to pleas 4, 5, and 6, which demurrers, being duly considered, were overruled by the court. The pleas and demurrers were refiled after the complaint was amended, with the same action, as to the amended complaint and the pleas and demurrers thereto. The trial was had upon the general issue and these special pleas, and resulted in a verdict and judgment for the defendant, from which plaintiff appeals.

There is in the record a brief of the appellee seeking to have the bill of exceptions stricken upon the ground that the case was tried by Wm. W. Quarles, as special judge holding the spring term of the circuit court of Marengo county, who as such special judge had no jurisdiction beyond the territorial limits of Marengo county, whereas said judge while in Selma, Ala. (in Dallas county), made and signed an order extending the time for signing the bill of exceptions. There is an affidavit made by Hon. Wm. W. Quarles, setting forth the facts substantially as set forth in the brief of the appellee. But there is in the record no motion nor copy of a motion which would serve as a basis for this brief; and the writer does not know as a matter of fact whether such a motion was made and afterwards withdrawn. There is no entry on the minutes of this court, nor any motion on its motion docket showing submission upon such a motion; the order of submission showing that the cause was submitted upon the merits merely. It is, however, unnecessary for us to consider whether or not this bill should be stricken, for the rea-

son that the cause must be reversed upon the record proper, even if the bill of exceptions were stricken. The special pleas were each a wholly insufficient answer to the complaint. While they might probably be an answer to some counts of the complaint, they were clearly not an answer to each count of the complaint, and they were directed, and intended as answers, to the entire complaint, and it would not have been error for the court to strike a part of these pleas upon the motion of the plaintiff, though we do not decide that there was reversible error in the court's declining to strike them. But it was clearly reversible error to overrule the plaintiff's demurrers to these pleas; and, as the case must be reversed, we will consider some of the assignments of error which may be of interest and concern to the parties upon another trial.

Upon the undisputed evidence in this case the plaintiff was clearly entitled to the general affirmative charge upon the count in trover; the special pleas being eliminated, as they should have been, upon the motion or demurrer of the plaintiff thereto. The evidence is undisputed that the plaintiff purchased the mule in question from one Moore; that Moore had purchased the mule from the defendant prior to the time he sold it to the plaintiff; that Moore executed to the defendant a mortgage upon the mule to secure the purchase price; and that this mortgage was not recorded until after the mortgagor, Moore, had sold the mule to the plaintiff, and there is no evidence that the plaintiff had any actual knowledge or notice of the existence of this mortgage at the time he purchased the mule. Section 1009 of the Code of 1896 provided, among other things, that conveyances of personal property to secure debts or to provide indemnity were inoperative against creditors or purchasers without notice until recorded, etc.

He was clearly a bona fide purchaser for value without notice of the mortgage, and the facts are undisputed that the defendant sent an agent and took the mule from the possession of the plaintiff after his title was perfect thereto, and that defendant afterwards converted the mule by selling it or otherwise disposing of it. That the plaintiff did not forcibly resist the taking of this property, but acquiesced therein, cannot and should not defeat his right of action to recover damages for the conversion. While the evidence is not certain, but is in sharp conflict as to the exact dates of the sale by the defendant to Moore and of the sale by Moore to the plaintiff, it makes it to clearly appear that the mortgage executed by Moore to the defendant was not recorded until after the sale of the mule by Moore to the plaintiff; and there is no contention that the plaintiff had any actual notice of the existence of this mortgage at the time he purchased. The mortgage is therefore clearly void as against the plaintiff.—Code 1896, § 1009.

There is no phase of the evidence which tends to show that the plaintiff in any way estopped himself from maintaining this action. The testimony of the defendant's son upon this subject is as follows: That he went to the plaintiff and asked for the bay mare mule which Mr. Moore told him to get from Josh, and that Josh, the plaintiff, delivered the mule into his possession of his own accord and voluntarily; that witness then took the mule and delivered same to defendant. The testimony of the plaintiff on this subject is as follows: "Mr. Neal Harrison (son of defendant) rode up to where the mule was, and caught hold of the bridle, and commenced unhitching her, and took her out of the plow. I went up there where he was, and asked him what he was doing. He said his papa sent

him after the mule. I told him that the mule was mine, and that I had paid Mr. Moore, and he said he was going to take the mule, and I helped him unhitch her then because I did not want to be bothering any white folks." This was all the evidence as to the taking. The defendant, among other things, testified that after his son delivered the mule to him he kept the same five or six weeks, then sold her for $100, and that he received a letter from Josh Dixie, the plaintiff, asking him to pay for the mule or return it.

The mortgage which the defendant received from Moore to secure payment of the purchase price or a copy thereof was introduced in evidence by the defendant, and the instrument showed that it was executed on the 22d day of February, 1905, but was not filed for record until the 6th day of March, 1905. The evidence of the plaintiff tended to show that he purchased the mule from Moore in January, 1905, while the testimony of Moore tended to show that he sold the mule to the plaintiff in the month of February; but, under all the evidence, the plaintiff had purchased the mule from Moore before the mortgage was recorded or filed for record, and there is no evidence tending to show that he had any actual notice of the existence of the mortgage. The plaintiff, therefore, acquired a perfect title as against the mortgagee under any phase of the evidence.

The trial court, at the request of the defendant in writing, charged the jury, first, that unless a demand was made on defendant before the commencement of the suit the plaintiff could not recover for conversion; and, second, that, if the mule was freely and voluntarily delivered to Neal Harrison by plaintiff, then he could not recover in trespass. Both of these instructions were erroneous, because, under the undisputed

facts in this case, no demand was necessary to support trover, but, even if it had been a case in which a demand was necessary, the undisputed evidence showed that there was a sufficient demand (see defendant's own testimony, where he says that he received a letter from.Josh Dixie asking him to pay for the mule or to return it). But a demand in an action of trover is only necessary where the taking was rightful, and where a demand and refusal are necessary to constitute a conversion. This was clearly not a case in which any demand was necessary, nor does it constitute a waiver of the right of action to demand payment for property converted.—*Baker v. Hutchinson,* 147 Ala. 637, 41 South. 809; *Williams v. McKissack,* 117 Ala. 441, 22 South. 489. In actions of trover, where there has been a wrongful assumption of property by the defendant which is of itself a conversion, no demand is necessary before the suit is brought.—*Brown v. Beason,* 24 Ala. 466; *Rhodes v. Lowery,* 54 Ala. 4.

The court is also clearly in error in charging the jury that, if the plaintiff freely and voluntarily delivered the mule to the agent of the defendant, then he could not recover in trespass. The mere fact that the plaintiff did not resist or object to the taking could not make the taking rightful which was otherwise a trespass. If the plaintiff had induced the defendant to take the p roperty, then it would be a defense to trespass, but there is no evidence tending to show that he induced the taking. The strongest phase of it is that he did not resist or object.—*Smith v. Kaufman,* 94 Ala. 364, 10 South. 229. For this reason special pleas Nos. 3, 4, and 6 were wholly insufficient. Plea No. 5 was also insufficient for the reason that it did not deny the plaintiff's title to the mule, the subject-matter of the suit, nor did it show that the mortgage under which the defend-

[Dixie v. Harrison.]

ant claimed title was recorded prior to the acquisition of the plaintiff's title, nor did it show that plaintiff had any actual notice of the mortgage. As stated above, it would not have been error to strike pleas 3, 4, and 6 from the record upon the motion of the plaintiff; and, while it might not have been reversible error for the court to refuse the motion to strike and thus put the plaintiff to a demurrer, it was clearly reversible error to refuse the motion to strike and to overrule the demurrers thereto, and allow the cause to be tried upon wholly immaterial issues such as these pleas raise.

It is not necessary to consider the other assignments of error, which will probably not be raised upon another trial.

For the errors mentioned, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J.—I concur in the conclusion to a reversal of the judgment, but do not concur in all that is said in the opinion of Justice MAYFIELD. I place my concurrence upon the ground that on the undisputed evidence in the case the plaintiff was entitled to the general charge as requested under the count of the complaint in trover.

I do not think that it can be said of pleas numbered 3, 4, 5, and 6 that either or any one of them is frivolous, prolix, or irrelevant, and for that reason subject to motion to strike.—Code 1907, § 5322. That the pleas were bad to the complaint as a whole, though good as to some of the counts, was matter to be pointed out by demurrer, and not ground for motion to strike.

SIMPSON and McCLELLAN, JJ., concur in these views.