(110 So. 378)

### DOUGLASS et al. v. N. S. DAVENPORT CO., Inc. (7 Div. 586.)

(Supreme Court of Alabama. Nov. 18, 1926.)

**1. Chattel mortgages ⬦229(2)—Complaint, in action for destruction of mortgage lien on crops, held sufficient, though manner of destruction was not stated.**

Complaint, in action for damages for destruction of mortgage lien on crops, alleging amount and kind of property and that defendants took possession and disposed of it, thereby destroying lien, *held* sufficient, though manner of destruction by defendants was not averred.

**2. Chattel mortgages ⬦229(1)—Evidence of commission merchants' sale of mortgaged crop held to warrant denial of affirmative charge asked on theory that conversion rather than destruction of mortgage lien was shown.**

In action for destruction of mortgage lien, evidence of sale in open market by commission merchants of mortgaged crop, consisting of perishable goods, *held* sufficient to warrant denial of affirmative charge on theory that proof showed no more than mere conversion and not destruction of lien.

**3. Appeal and error ⬦1067—Failure to charge with reference to market value of produce, in action for destruction of mortgage lien thereon, if error, held harmless.**

In action for destruction of mortgage lien on crops, failure to charge with reference to market value at place of sale, if error, *held* harmless; jury being instructed that recovery could not exceed mortgage indebtedness which was lower than lowest market value.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by the N. S. Davenport Company, Inc., against E. T. and W. B. Douglass, doing business as Douglass Bros., and others. From a judgment for plaintiff, defendants Douglass appeal. Affirmed.

Count 3 of the complaint is as follows:

"Count 3. The plaintiff claims of the defendants the other and further sum of $1,600 as damages for that heretofore, to wit, on March 24, 1924, one R. A. Hales, defendant herein, then residing in De Kalb county, Ala., executed to the plaintiff two certain mortgages covering, among other things, the entire crops of produce and all rents accruing to the said R. A. Hales during the year 1924 in the county in which he then resided, which mortgages were on the 24th day of March, 1924, duly filed for record in the probate office of De Kalb county, Ala.; and plaintiff avers that thereafter during the months of May and June, 1924, said mortgages being still unpaid, there accrued to said R. A. Hales from produce raised by him in said county and rents accruing to him from produce raised in said county of De Kalb, Ala., on the farm of said defendant Hales 1,000 crates of strawberries, and plaintiff avers that these defendants so took possession of said produce and disposed of same, that by reason thereof plaintiff's mortgage lien on said produce was destroyed and made of no effect, to the plaintiff's damage in the sum aforesaid."

Count 4 is the same as count 3, except that the property the lien to which is alleged to have been destroyed is described as "650 bushels of potatoes."

The demurrer takes the point that it does not appear how the lien was destroyed; that the complaint sets up no facts showing how defendants took possession and disposed of said property.

Davis & Locke, of Birmingham, and Isbell & Scott, of Ft. Payne, for appellants.

A complaint for destruction of a lien must set up facts showing that the lien was destroyed, and not aver it as a mere conclusion. Richardson v. Sewell, 19 Ala. App. 399, 97 So. 678; Clark v. Johnson, 7 Ala. App. 507, 61 So. 34. The measure of damages for conversion is their reasonable market value at the time and place of conversion. Zimmern v. Southern R. Co., 207 Ala. 169, 92 So. 437.

C. A. Wolfes, of Ft. Payne, for appellee.

The complaint in this case is sufficient. Baker v. Hutchinson, 147 Ala. 636, 41 So. 809. The jury having taken the estimate of the value of the property fixed by defendants, there was no error in rulings on evidence and charges as to this question. Jones v. White, 189 Ala. 622, 66 So. 605. A demand for payment of the property converted is not a waiver of the right to sue in trover. Dixie v. Harrison, 163 Ala. 304, 50 So. 284.

GARDNER, J. On March 24, 1924, R. A. Hale executed two mortgages to the N. S. Davenport Company, appellee here, on his crop of cotton, corn, and produce to be raised that year in De Kalb county, which mortgages became due July 1, 1924, and October 1, 1924. These mortgages were duly recorded, and no assignment of error or argument of counsel is here presented, questioning their validity or the amounts due thereon. Hale owned his farm in said county during that year and resided thereon. He raised and gathered on said farm a crop of strawberries and Irish potatoes, which, with other produce, was shipped to Birmingham, sold and disposed of by Douglass Bros., appellants here, who are commission merchants dealing in such produce. The strawberries, it appears, were shipped in May and June, and the pota-

toes in July, 1924. No part of the mortgage indebtedness had been paid; the full amount being due thereon. On September 11, 1924, the N. S. Davenport Company, mortgagee, brought this suit to recover of Douglass Bros., R. A. Hales, and one Colvin, who seems to have managed the shipments, damages for destruction of its mortgage lien. There was judgment for the plaintiff against all defendants, from which judgment Douglass Bros. only have prosecuted this appeal.

[1] But few questions are here presented for review. The first challenges the sufficiency of counts 3 and 4 upon which the cause was tried as against the demurrer interposed, but we are of the opinion these counts are sufficiently definite under our liberal rules of pleading, and that the authority of Baker v. Hutchinson, 147 Ala. 636, 41 So. 809, fully sustains the action of the court in overruling the demurrers thereto.

[2] It is further insisted the affirmative charge as requested by defendants should have been given upon the theory that the proof shows no more than a mere conversion of the property, and not such disposition thereof as to place it beyond the reach of the plaintiff, and thus a destruction of its lien. Appellant cites Richardson v. Sewell, 19 Ala. App. 399, 97 So. 678, and Clark v. Johnson, 7 Ala. App. 557, 61 So. 34, where many of our cases are collated.

We recognize the rule as contended for by appellants, but conclude that the evidence offered suffices to establish for the plaintiff a prima facie case of destruction of the mortgage lien.

In the trial of this cause, the jury was expected to exercise its common sense and weigh the evidence in the light thereof and of this everyday observation and experience. Appellants were engaged in the purchase and sale of produce upon the market for a commission. This produce consisted in perishable goods, sold and disposed of in the open market in Birmingham a considerable period of time before the bringing of this suit, and *this evidence was sufficient*, we think, from which the jury could reasonably infer that it had been placed beyond the reach of plaintiff and the lien thereby destroyed. Rogers v. Brooks, 105 Ala. 549, 17 So. 97.

What was said by plaintiff's manager to defendant Douglass Bros. subsequent to the disposition of the produce amounted to no more than a demand for payment, which would not constitute a waiver to prosecute this suit for a destruction of the lien. Dixie v. Harrison, 163 Ala. 304, 50 So. 284. The affirmative charge was properly refused.

[3] The court, in the oral charge upon the question of damages, omitted any reference as to the market value of the produce at Birmingham, where it is insisted the conversion took place and the lien was destroyed, and

exception was reserved thereto. Zimmern v. Southern Ry. Co., 207 Ala. 169, 92 So. 437.

Conceding, without deciding, this was error, it was without injury to appellants. The jury were specifically instructed that in no event could recovery exceed the amount due on the mortgage indebtedness, which instruction was observed by the jury in the verdict rendered. The quantity of produce so shipped and disposed of did not constitute a controverted issue, and, applying thereto the lowest market price at Birmingham, as testified by appellants' manager, it appears that the market value was in excess of the mortgage indebtedness. The jury very clearly accepted appellants' valuation as so fixed by their proof, and they suffered no prejudice by such instruction. Jones v. White, 189 Ala. 622, 66 So. 605.

These observations apply likewise to assignments of error 5, 6, 7, 8, 12, 13, 12½, and no prejudicial error appears.

There is so clearly nothing in assignments 4, 9, 10, and 11 calling for a reversal of the cause, that a discussion of them is deemed unnecessary, and indeed they are given but scant consideration in brief. The assignment as to the action of the court in overruling the motion for a new trial presents only the matters hereinabove treated and considered, and needs no further discussion.

The questions presented in argument of counsel have been considered, and we find no reversible error in the record.

Let the judgment be affirmed.

Affirmed.

SAYRE, MILLER, and BOULDIN, JJ., concur.