144 So. 462

## LITTLE v. STATE.

### 2 Div. 516.

Court of Appeals of Alabama.

Nov. 15, 1932.

Geo. O. Miller, of Livingston, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J.

In this case, as in all criminal prosecutions, the burden of proof rested upon the state to prove the specific offense charged in the indictment by evidence sufficient to satisfy the jury of the defendant's guilt beyond a reasonable doubt and to a moral certainty.

The indictment charged this appellant with the offense denounced by section 4925 of the Code 1923, which provides that any person who removes or sells any personal property for the purpose of hindering, delaying, or defrauding any person who has a claim thereto, under a written instrument, lien created by law for rent or advances, or any other lawful or valid claim, verbal or written, with a knowledge of the existence thereof, etc., must, on conviction, be punished as if he had stolen the same. The indictment here followed "form of indictments" 98, as it appears in the 2d vol. of Code 1923, p. 492 (section 4556). The substance of the charge was that this appellant, Fletcher Little, with the purpose to hinder, delay, or defraud George Abram, alias George Abrams, etc., did sell or remove personal property, consisting of 500 pounds of seed cotton, of the value of, to wit, $30, etc.

Necessary to a conviction in this case, the state was required to show, by the measure of proof stated: (1) That this appellant, defendant below, did sell or remove the seed cotton as charged, and (2) that George Abram alias George Abrams had a lawful and valid claim thereto, as hereinabove stated.

At the conclusion of the state's case the defendant moved to exclude the evidence on the grounds that the state had failed to make out a case and insisted that the defendant was entitled to his discharge. The court overruled the motion and to this action the defendant reserved an exception.

There are numerous other exceptions, but from the view we take of this case they need not be discussed for the exception above noted was, in our opinion, well taken and is therefore conclusive of this appeal.

Pending the entire trial the name of George Abram alias George Abrams, the alleged injured party, was nowhere mentioned.

The first witness introduced was one G. M. Abrams. There is nothing to show, and certainly this court is not prepared to say, that George Abram, etc., and G. M. Abrams is one and the same party. Parks v. State, 21 Ala. App. 177, 106 So. 218, and cases cited. The allegation as to the injured party is material and this averment is, as stated above, an element of the burden of proof resting upon the state.

Over the objection and exception of defendant the court allowed the state to offer in evidence a paper marked Exhibit A which purports to be an account alleged to be due to one M. J. Abrams, by the defendant. The relevancy of this paper is not apparent from the record and the court erred in this connection. So far as the record shows no one by the name of M. J. Abrams is a party to this prosecution.

The evidence adduced upon the trial to establish the material averment in the indictment (1), above referred to, fell far short of the necessary proof and was barely sufficient to create even a suspicion to the effect that this appellant did sell or remove personal property consisting of 500 pounds of seed cotton. Likewise, the evidence was insufficient, as a matter of law, to establish (2) that the alleged injured party had a lien or claim upon a certain lot of seed cotton which the witness G. M. Abrams testified he saw at the home of defendant. There was nothing to show that said cotton was raised upon lands rented by appellant from George Abram alias George Abrams, and, as stated, evidence to this effect was necessary to a conviction. There was some evidence which tended to show that this appellant did not rent any land from the alleged injured party during the year in question; and the evidence was without conflict that he rented the land from Mr. Petit.

Numerous other rulings of the court upon the admission of evidence and otherwise are insisted upon as error, but from what has been said need not be discussed.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.