42 So.2d 63
## STEELE v. BROOKS.
7 Div. 23.

Court of Appeals of Alabama.
Aug. 15, 1949.

Leonard Crawford, of Fort Payne, for appellee.

Scott & Dawson, of Fort Payne, for appellant.

HARWOOD, Judge.

In the court below the complaint as originally filed contained two counts. Count one sounded in detinue. and count two in trover.

The complaint was amended by adding count A, which charged defendant with the destruction of a lien held by the plaintiff, appellee here, on a bale of cotton, and is in words and figures as follows:

"Count A

"The plaintiff claims of the defendant the other and further sum of $121.48, as damages for that heretofore, on to-wit: September 3, 1947, one, John Sartin, Jr. who was then residing in DeKalb County, Alabama executed to the plaintiff a certain mortgage, covering, among other things, the entire crops of produce and all rents accruing to the said John Sartin, Jr. dur-

ing the year, 1947, in the County in which he then resided, which mortgage was on the 27th day of September, 1947, filed for record in the Office of the Judge of Probate, DeKalb County, Alabama. Plaintiff avers that thereafter and during the month of October, 1947, said mortgage being still unpaid, there accrued to the said John Sartin, Jr. from produce raised by him in said County and rents accruing to him from crops grown by him in DeKalb County, Alabama, on the farm of Mrs. Mary Koger, one bale of cotton, gin #486, weight ———— pounds, and plaintiff avers that the defendant, Munford C. Steele, so took possession of said bale of cotton and disposed of same, that by reason thereof plaintiff's mortgage lien on said bale of cotton was destroyed and made of no effect, to the plaintiff's damage in the sum as aforesaid."

Demurrers were filed to the three counts separately and severally, and by the court overruled.

At the beginning of the court's oral charge the attorney stated that the plaintiff was insisting only on count A, and the case was submitted to the court only on the issues raised by count A. We therefore pretermit consideration of counts 1 and 2.

█ Count A stated a good cause of action for damages for destruction of a lien, and the court properly overruled the demurrer as to this count. Douglass et al. v. N. S. Davenport Co., 215 Ala. 265, 110 So. 378.

The lien allegedly destroyed by the defendant was one whose existence depended upon a mortgage executed by John Sartin, Jr., to plaintiff covering, among other things, the entire crops and all rents accruing to Sartin during the year 1947 in DeKalb County.

█ Since the lien allegedly destroyed was attached to property whose description in the mortgage was uncertain to the extent that it could not be pointed out by reference to such description, the burden was on the plaintiff to show, not only that the bale of cotton described in count A was raised by the mortgagor Sartin in DeKalb County, but that it was the product of lands in which the mortgagor had a present interest at the time he gave the mortgage. For while the thing itself need not have identity, or separate entity, yet it must be the product, or growth, or increase of property, which has at the time a corporate existence, and in which the mortgagor has a present interest, not a mere belief, hope or expectation, that he will in future acquire such an interest. Smith v. E. T. Davenport & Co., 12 Ala. App. 456, 68 So. 545; Paden & Co v. Bellenger and Ralls, 87 Ala. 575, 6 So. 351; Johnson v. Coosa Mfg. Co., 16 Ala.App. 649, 81 So. 141; Alexander v. Garland, 209 Ala. 267, 96 So. 138.

In the trial below the plaintiff testified that at the time Sartin executed the mortgage to him, on which plaintiff's lien depends, Sartin was living on Mrs. Mary Koger's farm, where he was farming; that Sartin grew cotton and corn, and he, plaintiff, knew of "two and a piece" bales of cotton that Sartin made.

This was all of the evidence that could in anywise be construed as tending to establish the identity of the bale of cotton described in the complaint, the identity of which is necessary to establish plaintiff's lien.

█ This evidence is obviously insufficient in tending to show that the bale of cotton described in count A was raised by Sartin, the mortgagor, in DeKalb County on land in which he had a present interest at the time he gave the mortgage. It results that the plaintiff thus failed to establish the existence of the lien he alleges was destroyed by the defendant.

The defendant, under this state of the evidence, was therefore entitled to the general affirmative charges requested by him (charges 1, 2, and 3), and that their refusal was erroneous.

Reversed and remanded.

BRICKEN, P. J., not sitting.