122 So.2d 549

**W. D. WILLIAMS**

v.

**STATE.**

4 Div. 421.

Court of Appeals of Alabama.

Aug. 16, 1960.

Fred M. Tatum, Jr., Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe., Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged defendant with removing or selling two bales of cotton and two tons of peanuts with the purpose of hindering, delaying or defrauding one Yates C. Willoughby, who is alleged to have had a lawful and valid claim thereto, under a written instrument, lien created by law for rent and advances, or other lawful and valid claim, verbal or written. Title 14, Section 363, Code 1940.

To sustain a conviction of the offense with which defendant was charged, the state was required to prove beyond a reasonable doubt that C. Yates Willoughby had a lawful and valid claim to the property sold. Wiley v. State, 16 Ala.App. 93, 75 So. 641; Little v. State, 25 Ala.App. 273, 144 So. 462. Valid equitable mortgages and liens, as well as those valid at law, are covered by the statute. Varnum v. State, 78 Ala. 28; Courtney v. State, 10 Ala.App. 141, 65 So. 433.

"A mortgage of unplanted crops of agricultural products, executed on or after the first day of January of the year in which such crops are grown, conveys the legal title thereto, in all respects as if such crops were already planted." Title 47, Section 161, Code 1940.

A mortgage executed before the first day of January on crops to be grown the following year, does not convey an equitable interest in the crops unless they are grown on land in which the mortgagor had an interest at the time of the execu-

tion of the mortgage. Shaw et al. v. Kinney, 227 Ala. 170, 149 So. 227; Steele v. Brooks, 34 Ala.App. 584, 42 So.2d 63, and cases there cited.

The state presented evidence tending to show that on December 12, 1953, W. D. Williams executed to C. Yates Willoughby a mortgage on crops to be grown during 1954 on premises belonging to defendant's father, to secure a note for $546 for money loaned and for advances; that defendant, as a share-cropper on his father's place, raised cotton and peanuts during the year 1954; that he sold two bales of said cotton without the consent of the mortgagee and at the time of the sale the mortgage was unsatisfied. There was no evidence tending to show that when the mortgage was made defendant was a tenant of his father or that there was any arrangement or understanding between them in regard to the rent or cultivation of the land in 1954. This evidence fails to show that the cotton sold by the defendant was raised on land in which he had a present interest at the time he gave the mortgage and was insufficient to establish the existence of a valid lien.

The court overruled the defendant's motion to exclude the state's evidence on the ground that it had failed to make out a case, refused the request for the general affirmative charge and denied the motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict. These rulings require a reversal of this cause.

Other insistences of error are presented in brief. These questions will probably not arise in the event of another trial and a discussion of them is not necessary.

Reversed and remanded.