# Porch *v.* Lewis, *et al.*

### *Trover.*

(Decided December 19, 1912.   60 South. 444.)

*Trover; Cotton; Warehouse Receipt.*—Under section 6131, Code 1907, a warehouse receipt given to one as grower shows prima facie that such person raised and was the owner of the cotton in controversy, and hence, a transfer of the same could only have been effected by or through the person named in the receipt, and this evidence taken in connection with the other evidence afforded a reasonable inference that such bale of cotton was the property of Lewis, and hence, the court could not properly direct a verdict under it.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Trover by S. N. Porch against E. A. Lewis and others for the conversion of a bale of cotton claimed by plaintiff under a mortgage executed to him by Lewis, and alleged to have been sold by Lewis to the other named defendants.   Judgment for defendants and plaintiff appeals.   Reversed and remanded.

GEORGE A. SORRELL, for appellant.   It is elementary that the affirmative charge should not be given where reasonable inferences different in effect may be drawn from the evidence.—*Cole v. Propst*, 119 Ala. 99.   Under the evidence in this case, prima facie Lewis was the grower of the cotton, and that in connection with the other evidence introduced was sufficient to require a submission to the jury as to whether or not the cotton was grown and owned by Lewis.

M. PETERS, for appellee.   The plaintiff failed to make out a case on the evidence and the court properly gave

the affirmative charge for the defendant.—*Tyree v. Lyons*, 67 Ala. 1; *Smoot v. M. & M. Co.*, 67 Ala. 13.

PELHAM, J.—The trial court at the request of the defendant in writing gave the general affirmative charge, and the appellant (plaintiff below) assigns as error the giving of this charge, and insists that there were facts affording sufficient inferences before the court on the trial, from which the jury could reasonably find the issues in favor of the plaintiff, and that the court's action in refusing to submit the case to the jury was unauthorized.

The suit is in trover and case for the conversion of a bale of cotton, and there is no controversy over the facts showing the plaintiff's right to recover, except that it is contended that the bale of cotton in question was not shown by the evidence to have been raised or grown by the defendant E. A. Lewis, on whose crops for that year the plaintiff had a mortgage lien. The evidence shows that the bale of cotton was in a public warehouse at Alexander City, Tallapoosa county, Ala., and the receipt given by the warehouseman was issued to E. A. Lewis as the grower, and subsequently the cotton was disposed of to W. H. Carlisle and G. F. Parks, the parties sued as codefendants with Lewis, and was shipped out of the warehouse on the order of these parties. The evidence also shows that the defendant Lewis was a farmer who conducted his farming operations that year (1907) on lands situated in Tallapoosa county, Ala., where he raised a crop of cotton. The evidence does not show who took the bale of cotton to the warehouse. The warehouseman testified on this point that he could not remember who brought this particular bale of cotton to the warehouse, but that he issued the receipt to E. A. Lewis. The receipt was introduced in evidence, and is

[Plummer v. Hardison, et al.]

shown on its face to have been issued to E. A. Lewis, "grower." The statute (Code, § 6131) requires the warehouseman on delivery of cotton to him to "give the person from whom received a receipt." The warehouse receipt stands in lieu of the goods, and the original holder of such a receipt, by virtue thereof, holds possession of the goods represented by it.—*People's Sav. Bank & Trust Co. v. Huttig Mfg. Co.,* 1 Ala. App. 394, 55 South. 928. The disposition of this bale of cotton, so held by Lewis, to Carlisle and Park, could only have been effected by transfer through Lewis, and this disposition of the bale of cotton, shown by the evidence to have been made, of itself necessarily connects Lewis with the cotton, and the evidence together with the other evidence, afforded a reasonable inference from which the jury might fairly have reached the conclusion, in the absence of evidence to the contrary, that the bale of cotton was the property of Lewis, being cotton raised by him in his farming operations on land in Tallapoosa county, where he is shown to have been engaged in raising cotton that year; and the court was in error in not submitting the case to the jury for its determination on this evidence.

Reversed and remanded.