(88 South. 337)

**RACINE TIRE CO. v. GRADY.**
(6 Div. 141.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Municipal corporations ⬤➡705(10)—Pedestrian crossing street and placing himself in danger held negligent.**

A pedestrian attempting to cross a street who, without necessity, placed himself in a position of danger from defendant's motor truck, through inadvertence, forgetfulness, inattention, absent-mindedness, or carelessness, was guilty of contributory negligence barring his recovery, if such negligence proximately contributed to cause his injury.

2. **Municipal corporations ⬤➡705(10)—Pedestrian on city streets has right to assume street is reasonably safe.**

A pedestrian on city streets has the right to assume, unless he has knowledge or reason to believe to the contrary, that the street is in a reasonably safe condition for travel.

3. **Municipal corporations ⬤➡705(10)—Excuse of pedestrian for forgetfulness must be apart from inattention itself.**

The cause given by a pedestrian as excuse for his momentary forgetfulness on the street, resulting in his injury from a defect in the street, or from a passing automobile, must be something apart from inattention itself if he is to escape the imputation of contributory negligence.

4. **Municipal corporations ⬤➡705(10)—Pedestrian cannot rely on money matters as excuse for forgetfulness to look.**

A pedestrian who, in attempting to cross a street, was struck by defendant's motor truck, cannot rely, as an excuse for his forgetfulness to look for approaching motor cars, after passing in front of a street car, on the fact that he was thinking of money matters, being on the way to the bank.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by Marshall B. Grady against the Racine Tire Company for damages for personal injuries sustained in an automobile accident, resulting in judgment for defendant, which, on plaintiff's motion, was set aside, and new trial ordered, and from such latter order defendant appeals. Reversed and rendered.

Plaintiff, appellee here, was struck by an automobile truck of the defendant while crossing Twenty-Second street and Second avenue, in the city of Birmingham, and brought this suit to recover damages therefor. The cause was tried upon count "A," which rested upon the charge of simple negligence, the general issue thereto, and the plea of contributory negligence, in short, by consent. The jury rendered a verdict for the defendant. The trial court granted plaintiff's motion for a new trial, which rested upon the supposed error of the court in giving, at the instance of defendant, the following charges requested in writing:

(9) "The court charges the jury, if you believe from the evidence in this case that, through inadvertence, forgetfulness, inattention, absent-mindedness, or carelessness, plaintiff placed himself in a position of obvious danger, without necessity therefor, he would be guilty of such contributory negligence as to bar his right of recovery under count 'A' of

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the complaint, if you further believe from the evidence that such negligence proximately contributed to cause his injuries."

(10) "The court charges the jury, if you believe from the evidence in this case that plaintiff knew automobiles or vehicles would probably be approaching the point where he was crossing the street at the time he was so crossing, and in such close proximity to him that he would probably be injured by same, unless he exercised reasonable care in looking up and down said street for such approaching vehicles, and if you further believe from the evidence that though '[through] inattention, inadvertence, carelessness, or forgetfulness he proceeded across said street, without looking up and down said street for such approaching vehicles, and as a proximate consequence thereof sustained his alleged injuries, then I charge you you cannot find a verdict for the plaintiff under count 'A' of the complaint."

The motion for new trial, as amended, contained only these two grounds.

The accident occurred December 10, 1919, while plaintiff was on his way from his store to the bank, at about 9:30 o'clock in the morning. As he was crossing Twenty-Second street and Second avenue, a street car pulled up and stopped. The evidence shows that plaintiff had some money on his person, and had changed it and his bank book from one pocket to the other. He had passed from in front of the street car when struck by the truck—the exact distance not being definitely fixed—the plaintiff testifying:

"I suppose I had gotten about six or eight feet west of the street car when I heard the automobile coming, maybe three or four feet. I suppose I had made two steps; I couldn't say positively whether it was six or eight feet or two' steps, * * * that is, two steps I had made after passing the street car."

The plaintiff further testified that he could not say whether he had looked north for the approaching vehicle on Twenty-Second street or not. His testimony further shows that his eyesight and hearing were normal, and that he had been going by this particular place for five or six years, practically every morning, and knew it was a much-frequented street by vehicles and automobiles.

From the action of the court in granting a new trial, the defendant prosecutes this appeal.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellant.

The court erred in granting a new trial because of the giving of the charges referred to. 87 Ala. 708, 6 South. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; 100 Ala. 660, 13 South. 552; 129 Ala. 410, 30 South. 584; 161 Ala. 435, 49 South. 867; 133 Ala. 606, 32 South. 232; 175 Ala. 125, 57 South. 691; 191 Ala. 628, 68 South. 136; 197 Ala. 490, 73 South. 85.

Prosch & Prosch, of Birmingham, for appellee.

The court properly granted a new trial to the defendant. 193 Ala. 614, 69 South. 137; 203 Ala. 284, 82 South. 534; 203 Ala. 231, 82 South. 481; 201 Ala. 251, 77 South. 841; 177 Ala. 596, 58 South. 989; 154 Wis. 64, 142 N. W. 125; 179 Ala. 97, 59 South. 597; 74 Vt. 288, 52 Atl. 531, 93 Am. St. Rep. 887.

GARDNER, J. [1] The correctness of the two charges, given at the request of the defendant, which appear in the statement of the case, is the only question presented here for consideration. By these charges, the court in substance instructed the jury that, if from the evidence plaintiff, without any necessity therefor, placed himself in a position of danger through inadvertence, forgetfulness, inattention, absent-mindedness, or carelessness, he would be guilty of contributory negligence as to bar his recovery under count "A," if they believe such negligence proximately contributed to cause his injury.

Under the general rule recognized by the former decisions of this court, these charges correctly stated the law, as declared by this court in the recent case of City of Birmingham v. Edwards, 201 Ala. 251, 77 South. 841. In that decision, we cited some of our former cases, to which we may add, as bearing upon the same question, Chewning v. Ensley Ry. Co., 100 Ala. 493, 14 South. 204; Tuscaloosa Water Co. v. Herren, 131 Ala. 81, 31 South. 444.

The court below seems to have relied upon the Edwards Case, supra, as condemning the charges; but the Edwards Case was intended as being confined to suits by pedestrians against the municipality for injuries resulting from a defect in its street and sidewalks, and was not intended to excuse negligence on the part of the pedestrian as to traffic situations on account of mere forgetfulness or inattention.

[2] A pedestrian upon the city streets has the right to assume, unless he has knowledge or reason to believe to the contrary, that the street is in a reasonably safe condition for travel, and this right to so presume on the part of the pedestrian was extended by the Supreme Court of Wisconsin in Simonds v. Baraboo, 93 Wis. 40, 67 N. W. 40, 57 Am. St. Rep. 895, to cases where the pedestrian had knowledge of the previous existence of the defect in the sidewalk, which was in a conspicuous place, and of such character that, with very little time and expense, it could have been safely repaired. The authorities cited in the note of Lerner v. City of Philadelphia, 221 Pa. 294, 70 Atl. 755, 21 L. R. A. (N. S.) 614, dis-

close that the overwhelming weight of judicial opinion permits pedestrians in such cases to offer as excuse for momentary forgetfulness some reasonable excuse therefor, which must arise, however, apart from mere inattention.

In Mayor and Aldermen v. Cain, 128 Tenn. 250, 159 S. W. 1084, Ann. Cas. 1915B, 762, the Supreme Court of Tennessee points out many reasonable causes which may be offered as excuse in such cases for forgetfulness, inattention, or inadvertence, such as arise from a runaway horse, a rabid dog, or the approach of any dangerous animal, a sudden fire alarm, the suddenly communicated illness of a friend or relative, and other instances, some of which were noted in the Edwards Case.

[3] The continuing duty on the part of the city to keep its streets in reasonable repair for pedestrians, and the right of pedestrians to so assume, places cases of that character in a class to themselves. As to whether or not this exception to the general rule—for such it must be recognized—should be extended to cases arising under other circumstances, the authorities are in conflict. But this court indicated in the Edwards Case that the previous decisions of this court would preclude its further extension. This, however, it is unnecessary to decide, for even if it should be conceded for the sake of argument that the exception could be extended so as to embrace the instant case, yet there is no evidence here justifying its application, for, as previously noted, the cause given as excuse for the momentary forgetfulness must be something apart from inattention itself.

[4] Here there was nothing unusual to divert the attention of the plaintiff, and give excuse for momentary forgetfulness. True, he seemed to have a roll of bills in his hands, and exchanged his money and bank book from one pocket to another, and there is some intimation in brief that his mind was absorbed in financial affairs, which would excuse his forgetfulness to look, after passing in front of the street car, for approaching vehicles or automobiles. To this proposition we cannot agree, for we apprehend that, if absorption of thought upon money matters were to be recognized as an excuse for forgetfulness, then certainly no adult male person with a family to support in these strenuous times could ever be charged with negligence as a matter of law on that account. In the courtroom, at least, money would no longer be known as the "root of all evil," but as an ever-present excuse for forgetfulness.

The plaintiff testified that he was thoroughly familiar with this crossing, going over it each morning about the same time, for five or six years, and knew the frequency of travel thereon. He had passed the car two steps or more, and admits he does not know whether or not he looked for approaching vehicles. The degree of care required of the ordinary prudent person under such circumstances called for the exercise of his faculties, and placed this duty upon him. If, as he insists, "looking would have done him no good," then his failure to look would not have been the proximate contributing cause of the accident, but this was a question for the jury, which was not at all affected by these given charges.

We find nothing in the evidence which would bring the case within the exception, even conceding—without deciding—its application to such a situation, and the charges, being correct instructions on the testimony in the case, were properly given, and the motion for a new trial was erroneously granted upon this ground.

It results, therefore, that the judgment granting the new trial will be reversed, and judgment here rendered denying same.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.