(90 South. 499)

## BROWN v. YIELDING et al. (6 Div. 262.)

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Trial ⊜═46(2) — Relevancy of answer to question must be shown.**

In action for personal injuries, where plaintiff testified that he was examined by certain physicians, court did not err in sustaining an objection to a question asked by plaintiff's counsel "at whose instance was he examined by Doctor C.," in the absence of a showing that the answer would have been relevant.

**2. Trial ⊜═253(9)—Charge as to automobilist's negligence held bad for omissions.**

In an action by a pedestrian for injuries received when run down by an automobile, court properly refused plaintiff's requested charge, predicating recovery on defendant's failure under circumstances hypothesized to give warning of his approach, because it omitted the elements of proximate cause and contributory negligence, both of which were questions of fact for the jury.

**3. Municipal corporations ⊜═705(1)—Duty of automobilist to keep car under control and warn pedestrians.**

There is no duty to keep an automobile under such control that it may be properly stopped when approaching a pedestrian, unless it is apparent to reasonably prudent men that failure to do so will be dangerous to the pedestrian, or unless the pedestrian is in such a position on the highway that a reasonably prudent man observing him would take that precaution.

**4. Trial ⊜═240 — Argumentative instruction properly refused.**

Refusal to give an argumentative instruction cannot be held error.

**5. Appeal and error ⊜═1067—Refusal of instruction that jury might look to evidence to determine negligence held not prejudicial error.**

Refusal to instruct that the jury might look to the evidence in order to find whether defendants in their operation of an automobile were duly careful as to its speed and direction, and as to passing by plaintiff pedestrian at a distance that was prudent and safe, was not prejudicial error, since it stated no proposition of law except as to source of the jury's information as to relevant facts in the case, as to which they were fully instructed by the general charge of the court.

**6. Municipal corporations ⊜═705(1) — Duty of care resting on automobilist.**

It is not the duty of an automobile driver to so operate his car, though in the immediate vicinity of another accident, as that he may cause no further accident, but he must always operate it with due care under the circumstances; and, when he does that, he is not responsible for accidents which may nevertheless result.

**7. Municipal corporations ⊜═706(6)—Failure of automobilist to stop on approaching crowd not negligence as matter of law.**

It was not the duty of an automobile driver, as a matter of law, to stop his car upon approaching a crowd, though necessary in fact to avoid striking plaintiff pedestrian, who was in the crowd, unless the number and position of the crowd and the position of plaintiff in the crowd were such as to make it apparent to a man of reasonable care and prudence in the exercise of due care that that precaution was necessary to avoid injuring some one in the crowd.

**8. Municipal corporations ⊜═706(8)—Instruction held to properly require driver of automobile to use reasonable care; "reasonable cause."**

In an action by a pedestrian run down by automobile, trial court did not err in charging at defendant's request that driver of the automobile "had the right, using reasonable care, to drive past the point where the plaintiff was standing, and was not required to stop his automobile before proceeding past such point, unless he had reasonable cause to believe that so driving past would endanger the plaintiff;" "reasonable cause" for believing a thing as a fact meaning such grounds of belief as would warrant a cautious man in the conclusion that it is true.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Cause.]

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by Varnell T. Brown against Jeff M. Yielding and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The counts were for simple negligence and for wanton injury by running an automobile against plaintiff in a public street in the city of Birmingham. The main facts of the case are that plaintiff was standing on the street with one foot on the running board of a stationary car, engaged in conversation with the occupants of the car. He had his back to the open portion of the street as the car of the defendant approached, and, according to his own testimony, stepped back about one foot, or just far enough to allow said stationary car to move away when it started. According to defendant's testimony the plaintiff stepped back several feet just as defendant's car got behind him, and thereby caused the collision. The evidence was in dispute as to the speed of defendant's car at the time, and also as to whether defendant gave the required warning of his approach. The question of defendant's negligence as to the mode of driving his car and in the striking of plaintiff, and also the question of plaintiff's contributory negligence, was submitted to the jury under general and special instructions, and they found for the defendant, and from the judgment entered thereon plaintiff

appeals, and assigns for error several rulings of the court on the evidence and the giving and refusal of charges.

Wood & Pritchard, of Birmingham, for appellant.

An automobile should stop, rather than kill or injure a person. Acts 1919, p. 641; 12 Ala. App. 336, 66 South. 914; 36 Ind. App. 305, 72 N. E. 189; 203 Ill. 608, 68 N. E. 89; 51 Kan. 651, 33 Pac. 287, 24 L. R. A. 557; 99 Wash. 483, 170 Pac. 123. The court erred in the instructions as to the test of negligence. 193 Ala. 614, 69 South. 137; 195 Ala. 290, 70 South. 162; 200 Ala. 282, 76 South. 48; 202 Ala. 87, 79 South. 479; 17 Ala. App. 25, 81 South. 361. The court should have charged as to the relative situation of the parties and the duties arising therefrom. 168 Cal. 473, 143 Pac. 743; 89 Wash. 653, 155 Pac. 147; 6 Pennewill (Del.) 224, 65 Atl. 778; 189 Mass. 591, 76 N. E. 222.

Hartley & Fite, of Birmingham, for appellees.

Brief of counsel did not reach Reporter.

SOMERVILLE, J. [1] The plaintiff testified that he was examined, as to his physical injuries, by several physicians, including one Dr. Collier. Plaintiff's counsel asked him "at whose instance was he examined by Dr. Collier," which question, on objection, was excluded. In the absence of a proper showing that the answer would have been relevant to some issue in the case, the question was properly excluded.

Several other assignments relating to the exclusion of questions propounded to witness by plaintiff's counsel are without merit, and indeed are not sufficiently argued to merit consideration.

[2] Charge No. 1, refused to plaintiff, predicates a recovery by plaintiff upon defendants' failure, under the circumstances hypothesized, to give warning of their approach. It is bad because it omits from the bases of liability the element of proximate cause, and also the element of plaintiff's freedom from contributory negligence—both of which were essential issues in the case, and were questions of fact for the jury. Ala. S. & W. Co. v. Thompson, 166 Ala. 460, 52 South. 75.

[3] Charge No. 5, refused to plaintiff, instructed the jury that—

"The driver of an automobile approaching a pedestrian upon a street, must have his car under such control as that it may be promptly stopped, and must sound such warning to announce the approach of the automobile as to make a collision improbable."

This charge is manifestly bad. There is no duty to keep a car under such control, unless it would be apparent to a reasonably prudent man that the failure to do so would be dangerous to the pedestrian, or unless the pedestrian were in such a position on the highway that a reasonably prudent man, observing him, would take that precaution. Nor is there any duty to so warn the pedestrian as to "make a collision improbable."

[4] Charge No. 6, refused to plaintiff, was argumentative for the most part, and its refusal cannot be held as error.

[5] Charge No. 7, refused to plaintiff, merely says to the jury that they may look to the evidence in order to find whether defendants, in their operation of the car, were duly careful as to its speed and direction, and as to passing by plaintiff at a distance that was prudent and safe. The charge states no proposition of law, and while it states an elementary proposition as to the source of the jury's information as to relevant facts in the case, they were fully instructed as to that by the general oral charge of the court. The charge could have been properly given, but its refusal was not prejudicial error.

[6] It is not the duty of an automobile driver to so operate his car, though in the immediate vicinity of another accident, as that he may cause no further accident. He must always operate it with due care under the circumstances, and when he does that he is not responsible for accidents which may nevertheless result. Refused charge No. 9, which imposed such a responsibility, was properly refused.

[7] Nor was it the duty of the automobile driver, as a matter of law, to stop his car upon approaching a crowd on the street, though necessary in fact to avoid striking the plaintiff, who was in the crowd, unless the number and position of the crowd, and the position of plaintiff in the crowd, were such as to make it apparent to a man of reasonable care and prudence, in the exercise of due care, that that precaution was necessary in order to avoid injuring some one in the crowd. Refused charge No. 10 omits the element of due care and reasonable prudence as a factor in defendants' liability, and was therefore bad and properly refused.

Charge No. 11, refused to plaintiff, is subject to the same infirmity as charge 10, and was also properly refused.

[8] At the request of defendants the trial judge instructed the jury:

"That Yielding [the driver] had the right, exercising reasonable care, to drive past the point where the plaintiff was standing, and was not required to stop his automobile before proceeding past such point, unless he had reasonable cause to believe that so driving past would endanger the plaintiff."

Appellant's chief criticism of this charge is that it does not require the belief of the driver to be the belief of a reasonably careful and prudent man. But reasonable cause

for believing a thing as a fact has always been defined as such grounds of belief as would warrant a cautious man in the conclusion that it is true. Jordan v. A. G. S. R. R. Co., 81 Ala. 220, 8 South. 191; Hanchey v. Brunson, 175 Ala. 236, 56 South. 971, Ann. Cas. 1914C, 804. So, we think that the language of this charge must be held to import all that appellant contends it should have expressed. We hold that it correctly states the right and duty of a car driver under the circumstances shown. None of the cases cited and discussed by appellant's counsel hold anything to the contrary with respect to a charge framed in the language of this one.

In conclusion, we may add that the oral charge instructed the jury clearly and fully as to the issues in the case, and as to the duty of both parties in their use of the street, and they could not reasonably have misunderstood either the law of the case or its application to the facts in evidence.

Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.