(116 So. 126)

## BROCK v. CULPEPPER. (7 Div. 799.)

Supreme Court of Alabama. March 22, 1928.

**1. Chattel mortgages ⬳229(1)—Mortgagee may maintain trover against purchaser from mortgagor, where purchase or purchaser's possession or disposition of property follows law day of mortgage.**

· Mortgagee of cotton may maintain trover against purchaser from mortgagor without mortgagee's consent, when the purchase and taking into possession is after the law day of the mortgage or the mortgagee is otherwise entitled to possession, and in cases where the property purchased before the law day is held or disposed of thereafter.

**2. Chattel mortgages ⬳229(3)—Evidence must reasonably show sale, removal, or disposition obstructing enforcement of mortgage lien to sustain count for its destruction.**

Under a count for the destruction of a mortgage lien, evidence must afford ground for reasonable inference that property has been sold, removed, or otherwise disposed of so as to obstruct the enforcement of the lien.

**3. Chattel mortgages ⬳229(1)—Failure of purchaser to show that cotton purchased was still available held to make jury question of destruction of mortgage lien.**

In trover action by mortgagee against purchaser of cotton, jury question was presented as to destruction of the mortgage lien, where cotton was bought in September and suit brought in January following, and purchaser made no showing that cotton was still available.

**4. Chattel mortgages ⬳178(1)—Holder of subsequent recorded mortgage held entitled to recover from prior mortgagee purchasing mortgagor's cotton in excess of amount required to satisfy prior lien.**

Prior mortgagee who purchased from mortgagor cotton in excess of that required to sat-

isfy his·mortgage,, after ·paying landlord rents, was liable to one holding subsequent recorded mortgage in trover or case, where cotton had been disposed of, resulting in destruction of lien, and sale was not consented to by the subsequent mortgagee.

Appeal from Circuit Court, Dekalb County; W. W. Haralson, Judge.

Action in trover and for destruction of a mortgage lien by J. D. Culpepper against H. B. Brock. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

Where the undisputed facts in a case do not support a particular count, the defendant is entitled, upon request in writing, to instructions that plaintiff may not have a recovery on that count. W. B. Smith & Sons v. Gay, 21 Ala. App. 130, 106 So. 214. Purchaser of mortgaged cotton, in action of trover by mortgagee, is entitled to affirmative charge on mortgagee's failure to show conversion was after law day of mortgage. J. G. Smith & Sons v. Howell, 21 Ala. App. 549, 110 So. 57. A mere purchase by one of property on which another holds a chattel mortgage lien is not of itself wrongful, as destructive of the other's lien, so as to sustain an action on the case therefor. Windham & Co. v. Stephenson, et al., 156 Ala. 341, 47 So. 280, 19 L. R. A. (N. S.) 910, 130 Am. St. Rep. 102.

Chas. J. Scott, of Ft. Payne, for appellee.

Brief did not reach the Reporter.

BOULDIN, J. [1] The mortgagee of cotton may maintain trover against a purchaser from the mortgagor without the mortgagee's consent in two events: First, when the purchase and taking into possession is after the law day of the mortgage or the mortgagee is otherwise entitled to the possession under the terms of his mortgage. Second: if purchased before the law day and held or disposed of after the law day. Under our statute it is unlawful to sell mortgaged personalty without the mortgagee's consent. The purchaser becomes a tort-feasor. Although no action of trover may lie at the time, if the wrongful dominion thus acquired is retained to the exclusion of the possessory right of the mortgagee after the law day, this is a conversion as of that date, which will support trover.

[2] Under a count in a case for the destruction of the mortgage lien, the evidence must afford ground for reasonable inference that the cotton has been sold, removed, or otherwise so disposed of as to obstruct the enforcement of the lien.

[3] Cotton purchased· by a merchant from his customers at crop-gathering time is a market product. After a reasonable time it

may be inferred the buyer has passed it on to the consumer. So, where cotton is bought in September and suit brought in January following, and the purchaser, who has first knowledge of the facts, makes no showing that the cotton is still on hand and available to the mortgagee, a jury question is presented under such count.

[4] So, if Mr. Brock purchased from Mr. Lewis, the mortgagor, cotton covered by Mr. Culpepper's recorded mortgage in excess of what was required to satisfy Mr. Brock's prior mortgage, after paying the landlord's rents, and such sale was not consented to or ratified by Mr. Culpepper, then he was entitled to recover either in trover or case. Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907.

These issues were for the jury. The affirmative charge was properly refused as to each count.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.