SALSICH, Respondent, vs. BUNN and another, Appellants.

*September 15—October 13, 1931.*

For the appellants there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *A. J. Engelhard.*

For the respondent there was a brief by *Jacobson & Malone* of Waukesha, and oral argument by *Marcus A. Jacobson* and by *Thomas F. Hayden* of Milwaukee.

NELSON, J. The plaintiff sustained severe personal injuries as a result of being struck by a car belonging to and being operated by defendant Bunn (hereinafter called the defendant) at about eight o'clock in the evening of July 29, 1929. At the time of the accident the plaintiff was crossing Main street in the village of Hartland, also known as U. S. highway 16 and state highway 19. This highway was forty feet wide from curb to curb and consisted of a concrete strip eighteen feet in width and of a shoulder or gravel strip twelve feet wide to the south, and a shoulder or gravel strip ten feet wide to the north. The accident occurred in a residential section of the village and at a point located a considerable distance from the business or down-town section. At the time of the accident the plaintiff was seventy-seven years of age, weighed over two hundred pounds, was blind in his left eye, and walked with a cane. Plaintiff's residence was located on this highway and faced to the north. Just prior to the accident the plaintiff left his residence, walked to the sidewalk, turned to the right and proceeded to his driveway, about a hundred feet to the east of his entrance walk. He then turned to the north intending to cross the street. He proceeded to within about two feet of the concrete, where he paused and observed approaching traffic. He waited there to permit three cars coming from his left to pass and then looked to the right for the purpose of observing traffic approaching from the east. He saw the defendant's car approaching from that direction and calculated that he had ample time in which to cross the street ahead of it. He then walked across the concrete without making a further observation for approaching traffic from the east. He was struck by the right front end of defendant's car after having reached the north edge of the concrete or the south side of the north shoulder. The defendant testified that just prior to the accident he was driving westerly on the north side of the concrete at a speed of about twenty miles an hour.

While so proceeding and at a point about eighty feet easterly from the point of collision he plainly observed the plaintiff standing at the south side of the concrete. When about sixty feet away from the plaintiff, the defendant observed the plaintiff starting to run across the concrete. Defendant immediately released his clutch and applied his brakes. He, however, proceeded straight ahead within the north lane of traffic and did not divert his car except slightly to the north, so that at the time of the accident his right front wheel was off the concrete. There is therefore no dispute as to the point of collision.

The jury acquitted the defendant of negligence as to speed and failure to keep a proper lookout but found him guilty of negligence as to the management and control of his automobile, which negligence was the cause of the accident. The jury acquitted the plaintiff of negligence in crossing the street at the time and place in question. The usual motions after trial for judgment notwithstanding the verdict and to change the answers of the jury were denied.

On this appeal the defendants earnestly make two contentions. First, that the evidence fails to sustain the finding of the jury that defendant Bunn was negligent in the management and control of his car and that such negligence was the proximate cause of plaintiff's injury. Second, that the plaintiff was guilty of contributory negligence as a matter of law because he failed, upon reaching the center of the street, to look for automobiles coming in the opposite stream of traffic, i. e. from the right.

The defendant's first contention is not considered sound. As before stated, the defendant claims that he was approaching the place of the accident at a speed of about twenty miles per hour; that he saw the plaintiff standing at the south side of the concrete when about eighty feet away from him; that when about sixty feet easterly from the plaintiff he observed the plaintiff running across the concrete; and that he there-

upon applied his brakes but kept his car in the north lane of traffic, diverting it only slightly to the right so that at the time of the collision his right wheels were off the concrete. It is apparent that the defendant made no attempt to turn his car to the south so as to miss the plaintiff. The jury might well have concluded that if he had but diverted his car slightly to the south he would have avoided the accident. There was other testimony which, if believed by the jury, would permit the inference that, after hitting the plaintiff, the defendant's car was not brought to a stop until it had reached a point about seventy-three feet beyond the point of collision. We think that these facts unquestionably presented a jury question as to defendant's negligence in respect to the control of his car and that the answer of the jury in so finding cannot be disturbed.

In support of defendant's second contention it is earnestly urged that the undisputed facts of this case bring it clearly within the law laid down in *Brickell v. Trecker,* 176 Wis. 557, 186 N. W. 593. In that case it was said, in speaking of the plaintiff's duty as a pedestrian in crossing a busy city street, that, under the facts involved in that action, it was the duty of the plaintiff therein, after having passed the center of the street, to make an observation as to traffic approaching from her right, and her failure to do so amounted to contributory negligence as a matter of law. The law of the *Brickell Case* has been approved in a number of subsequent decisions. *Geffert v. Kayser,* 179 Wis. 571, 192 N. W. 26; *West v. Day,* 193 Wis. 187, 212 N. W. 648; *Ford v. Werth,* 197 Wis. 211, 221 N. W. 729.

We think the law laid down in the *Brickell Case* is in all respects sound when .applied to situations arising in "busy city streets." In all of the cases cited in which the doctrine of the *Brickell Case* was approved, "busy city streets" were involved. A pedestrian, before crossing such a street, should, in the exercise of ordinary care, be required, upon

leaving the zone of safety at the sidewalk or curb, to make observations as to approaching traffic from the left and then, while proceeding across such "busy city street," to make another observation when at or near the center of the street, or at some point where an effective observation can be made, for the purpose of observing traffic coming from the opposite direction. Such failure of a pedestrian in crossing a busy city street renders him guilty of a lack of ordinary care unless there are attending circumstances which reasonably cause his attention to be diverted and which may excuse the second observation hereinbefore mentioned.

This accident did not happen on a "busy city street." It in fact happened on a village street and at a point considerably removed from the business or down-town district. The conditions existing were not unlike those which confront a pedestrian desiring to cross a well traveled state or United States highway anywhere. As will be recalled, the concrete was approximately in the center of the street and was about eighteen feet wide. The portions of the street along the concrete which were gravel were referred to at different times throughout the trial as "the shoulders." At the place of the accident the zone of danger was quite clearly the concrete portion of the highway, and to the ordinary person the graveled portion of the highway would be rightly considered a zone of safety. Certainly this is true of the ordinary concrete highway the sides of which, ordinarily known as the shoulders, may be occupied by pedestrians with feelings of security from being hit by passing automobiles. We see no difference between the conditions which existed at the place of this accident, in a residential section of a village, and conditions which ordinarily prevail on well traveled concrete highways outside of villages, except that in villages one would have the right to assume that automobile traffic would not be moving at the more rapid rate of speed which generally prevails in rural districts on such highways. We believe that the conditions which existed at the place of this accident

justify the conclusion that the plaintiff, while crossing the gravel portion of the highway or while standing on the shoulder near to the concrete portion of the road, had a right to consider that part of the highway as reasonably safe and without the danger zone. Before entering upon the concrete, which was clearly the danger zone, it was the plaintiff's duty, in the exercise of ordinary care, to make an effective observation relative to approaching traffic, at some point from whence an effective or adequate observation could be made. This it appears he did when he paused at the edge of the concrete. The jury at least had the right so to conclude if they believed his testimony. Having made such observation at a point where conditions were such as to permit an effective and adequate observation, we cannot say as a matter of law that the plaintiff was negligent in not looking again while crossing an eighteen-foot concrete road. To hold as a matter of law that a pedestrian, while crossing such a comparatively narrow concrete road, under the conditions which prevailed, must make another observation at or near to the center of the concrete before proceeding, would be in our opinion unreasonable and unsound.

The rule stated in the *Brickell Case,* when applied to "busy city streets" and to other places where conditions are similar to those ordinarily found on "busy city streets," is in our opinion sound. But when the conditions existing are not those which ordinarily prevail on "busy city streets" the rule is not properly applicable. No cases holding the rule in the *Brickell Case* applicable to a situation similar to the situation in this action has been called to our attention and we have been unable to find any. Clearly this court has never applied the doctrine of the *Brickell Case* to situations other than those which are found in "busy city streets." Under the facts of this case, as the jury had a right to find them, we think the question of plaintiff's contributory negligence was peculiarly for the jury.

*By the Court.*—Judgment affirmed.