(137 So. 26)

**FIRST NAT. BANK OF UNION SPRINGS v. RATLEY.**

**4 Div. 575.**

Supreme Court of Alabama.

Oct. 15, 1931.

Cope & Cope, of Union Springs, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

BROWN, J.

This is an action of trover by appellee against appellant for the alleged conversion of eight bales of cotton. The appellee claimed title to the cotton under a mortgage executed by B. F. Brown to appellee on the 13th day of January, 1926, to secure an indebtedness of $223, covering "the entire crop of corn and cotton and everything else that I [Brown] may raise or cause to be raised during the present year, and during each successive year hereafter until the entire indebtedness hereby secured is fully paid." and other property, including one mule which appellee took under the mortgage, and afterwards sold.

The evidence is without dispute that the cotton in controversy was raised by the mortgagor during the year 1926, that it was delivered to appellant by the mortgagor in satisfaction of an indebtedness due it for money advanced to the mortgagor during said year 1926. The evidence also shows that the mortgagor cultivated several places in Bullock county during the year 1926, but it falls short of showing that the cotton was the product of lands in which he had a present interest on the 13th day of January, 1926, the date the mortgage was executed, or that he had a present interest in said lands during "the entire year," 1926.

For all that appears, the lands on which the cotton was grown may have been acquired by the mortgagor after the execution of appellee's mortgage.

The burden was on the plaintiff to show that the cotton was the product of lands which the mortgagor owned or had leased at the time the mortgage was given. Paden & Co. v. Bellenger & Ralls, 87 Ala. 575, 6 So. 351; Fields v. Karter, 121 Ala. 329, 25 So. 800; Sims v. United Auto Supply Co., 221 Ala. 383 (8), 129 So. 53.

Evidence to this effect was necessary to make certain the meager description of the property covered by the mortgage. Smith v. Fields, 79 Ala. 335.

In Woods v. Rose & Co., 135 Ala. 297, 33 So. 41, the proof was that the mortgagor owned lands in the county in which the mortgage was given "throughout the year 1901, and that this cotton was grown by him on that land that year." This differentiates that case from the case at bar.

As the case must be reversed for another trial, it may be observed that the measure of the plaintiff's recovery, if entitled to recover at all, is the value of the cotton converted, not, however, to exceed the amount due on the mortgage, with interest, less reductions for the value of other property taken under the mortgage and other payments thereon. Karter v. Fields, 130 Ala. 430, 30 So. 504.

The other questions argued are not treated because they are such as may not arise on the trial to follow.

The court erred in rendering judgment for the plaintiff for reasons above stated, and for this error the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.