167 So. 602

**WILSON v. COWART.**

6 Div. 947.

Court of Appeals of Alabama.

Feb. 11, 1936.

Rehearing Denied March 3, 1936.

Thos. J. Carey and John A. Posey, both of Haleyville, for appellant.

Roy Mayhall, of Haleyville, for appellee.

**SAMFORD, Judge.**

The complaint was in five counts: Counts 1 and 2 claiming for the conversion of three bales of lint cotton; counts 3 and A claiming generally for money had and received; and count B claiming specifically the proceeds of three certain bales of cotton.

To these counts the defendant filed general demurrers. Under our practice, general demurrers are not allowable. Section 9479, Code 1923, provides: "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer." 22 Alabama and Southern Digest, Pleading, ⊕205 (1).

The demurrers being overruled, the defendant pleaded the general issue to each count of the complaint, and on these issues the cause was tried.

The plaintiff held a valid mortgage signed by G. W. Greene, covering the crops grown by the said Greene during the year 1931 in Marion county. This mortgage was duly recorded in Marion county and was notice to defendant of plaintiff's claim to the crops covered thereby. There was undisputed evidence that Greene grew seven bales of lint cotton covered by the mortgage, and that he brought all of this cotton to Haleyville, where it was disposed of. It is further testified to and not denied that of the proceeds of the sale of this cotton, defendant received $91.27 and $72; the first being October 17, 1931, and the last being October 26th.

There was evidence on the part of plaintiff that the defendant received and disposed of three bales of the cotton, and there was also evidence tending to prove that defendant received all of the proceeds of the cotton, being told by Greene at the time that the money paid to him was the proceeds of the cotton. This was denied by defendant, and, being so denied, the question was one for the jury. Boozer v. Jones, 169 Ala. 481, 53 So. 1018.

There was some evidence for plaintiff and denied by defendant tending to prove a conversion of three bales of the mortgaged cotton by defendant. This, too, was a jury question, and if they did so conclude from the evidence the plaintiff was entitled to a verdict under either counts 1 or 2 of the complaint.

As to the counts for money had and received, this is an equitable action, and if defendant received the money, the proceeds of the cotton covered by plaintiff's mortgage and with notice that such money was such proceeds, then in equity and good conscience the plaintiff should recover. Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363.

It is contended by appellant that the proof in this case should have been confined to three bales of cotton for the reason that the two counts claiming for conversion named: "Three bales of lint cotton, the property of plaintiff." This contention might be good if there were no other counts in the complaint, but counts 3 and A are general counts for money had and received.

Under these, a recovery might be had for any money so had and received within the time covered in the counts. The case of Bank of Moulton v. Rankin, 24 Ala.App. 110, 131 So. 450, 451, is not in point.

Refused charge 5 is bad, in that it tends to mislead the jury into a belief that a recovery cannot be had in this case if Greene sold the cotton and paid the proceeds to defendant, even if defendant had notice that such money paid to him was the proceeds of cotton on which plaintiff held a mortgage.

Refused charge 7 is misleading, in that undue emphasis is placed upon the notice by recordation, when the evidence as to notice by recordation does not apply at all to the receipt of the money by defendant. The notice as to the payment of the money, the proceeds of the cotton, was the oral testimony of Greene, the mortgagor, who testified to that fact.

The court in its oral charge carefully and correctly stated the law of the case and covered all of the questions raised by special written charges, asking abstract instructions.

Refused charges ·asking affirmative relief were refused without error.

The whole case presented was one for the jury, and we do not find that the court erred in refusing the motion for a new trial.

There being no error in the record, the judgment is affirmed.

Affirmed.