181 So. 765

W & W PICKLE & CANNING CO. v. BASKIN.

3 Div. 261.

Supreme Court of Alabama.

May 26, 1938.

169

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

GARDNER, Justice.

Plaintiff, as administrator, recovered a judgment in the sum of thirty-five hundred dollars against defendant for the death of plaintiff's intestate, Doc Baskin, who was killed about seven o'clock in the morning, having been struck by the two wheel trailer attached to defendant's truck, with a utility coupling in the center, which truck was traveling on its way to Dothan at a speed of thirty miles an hour over the paved Montgomery-Troy highway, and about twenty-two miles from Montgomery.

Plaintiff's intestate was walking in the same direction the truck was traveling, not upon the paved highway but in a little path to the right on the unpaved portion of the highway, about two feet from

Weil & Stakely, of Montgomery, for appellant.

the pavement and never changed his course.

Admittedly defendant's truck driver was acting within the line and scope of his authority, and saw plaintiff's intestate some distance away but admittedly gave no warning signal. When the truck driver was within fifty or seventy feet of plaintiff's intestate he pulled to the right in order to pass another large truck and trailer at that point, and we conclude from the record that it is a reasonable explanation of the accident that plaintiff's intestate was struck by the trailer, which doubtless swerved to some extent, as the driver righted the truck upon the road after thus passing the other truck. The driver was made aware of the accident by the fact that the bucket which plaintiff's intestate was carrying was thrown along side the cab of his truck, and upon so discovering he immediately stopped and rendered all necessary aid.

■ Plaintiff's intestate was not only in the lawful use of the highway, but, as was said in Harbin v. Moore, 234 Ala. 266, 175 So. 264 (a case very similar in its basic facts), also in the prudent use thereof, walking in a pathway two feet away from the pavement, and on the "shoulder" of the road.

■ It is clear enough the case was one for the jury's consideration, and no insistence is made to the contrary. But defendant, in large part, rests its contention for a reversal upon the refusal of charge 6, and much of the argument is addressed to this charge. But we think its basic principle is unsound and out of harmony with some of our decisions (notably Harbin v. Moore, supra), and it places upon plaintiff's intestate the duty, as an exercise of due care, to keep a lookout for cars or trucks approaching from the rear. And our decision is properly confined to the facts as here presented.

■ Due care is relative always, and much depends upon the facts of the particular case. The question is fully discussed in Adler v. Martin, 179 Ala. 97, 59 So. 597 (controlling the result in Terrill v. Walker, 5 Ala.App. 535, 59 So. 775), and needs no repetition here. The cases relied upon by defendant (Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337; Landham v. Lloyd, 223 Ala. 487, 136 So. 815) but serve as illustrations of the applicable doctrine of due care under the

particular circumstances there appearing, as where a pedestrian is crossing a much used street. Such cases are readily distinguishable from that here considered, and the following of our authorities suffice to demonstrate, without further discussion of the question, that under the particular facts here presented plaintiff's intestate had a right to presume that a driver of an automobile or truck, approaching from the rear, would see him and exercise due care not to injure him as he walked in the pathway two feet off the pavement (Cooper v. Agee, 222 Ala. 334, 132 So. 173; Harbin v. Moore, supra), and that he was under no duty to keep a lookout in the rear for any such approaching vehicle. Harbin v. Moore, supra; Cooper v. Agee, 222 Ala. 334, 132 So. 173; Dozier v. Woods, 190 Ala. 279, 67 So. 283; Vansandt v. Brewer, 209 Ala. 131, 95 So. 463; Birmingham Electric Co. v. Baker, 219 Ala. 324, 122 So. 316.

■ This is enough to show the court was justified in the refusal of charge 6 without regard to the other insistence that it was abstract as to certain matters, particularly knowledge of danger on the part of plaintiff's intestate. There was no evidence that he knew of the approach of the truck, though he may be found to have had knowledge that it was a prominent highway in much use. But even so, it would appear that the presumption he had a right to indulge that the operators of vehicles would not negligently injure him, serves to rebut the idea of knowledge of danger. That, however, we leave to one side as unnecessary to determine.

■ Upon the matter of the refusal of defendant's motion for a new trial, little need be said. The jury were authorized to find from the evidence that the driver of the truck was negligent in driving in such close proximity to plaintiff's intestate, and in not taking proper precautions to avoid striking him with any part of the truck or trailer, and that he was likewise guilty of negligence in admittedly failing to give him any warning of the approach of the truck. Harbin v. Moore, supra; Cooper v. Agee, supra.

We find nothing in the record which would justify a disturbance of the jury's verdict either upon the finding for the plaintiff or upon the question of the amount awarded. These questions need no further elaboration.

Finding no reversible error, the judgment is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.