41 So.2d 175

### SMITH v. LILLEY.
### I Div. 344.

Supreme Court of Alabama.
May 13, 1949.

Rehearing Denied June 23, 1949.

D. R. Coley, Jr., of Mobile, for appellant.

Vickers, Leigh & Thornton, of Mobile, for appellee.

428

STAKELY, Justice.

This suit was originally brought by W. T. Smith against Patrick E. Lilley, Jr., to recover damages for injuries alleged to have been suffered by the plaintiff when he was struck on December 3, 1946, by an automobile owned and operated by the defendant. The plaintiff died on August 28, 1947 and the suit was revived in the name of Ila R. Smith, Executrix of the estate of W. T. Smith, deceased. The pleas of the defendant were the general issue and contributory negligence. Trial of the cause resulted in a verdict and judgment for the defendant. This appeal is from that judgment.

The accident occurred after dark at about 6 P.M. at a point on Highway 90, the main highway leading from Mobile to New Orleans. The deceased W. T. Smith was about 64 years of age and was employed as a bookkeeper in the City of Mobile. He commuted daily to his home. The accident took place just in front of his house which was located on the east side of the highway. He had ridden the bus from Mobile and alighted on the west side of the highway. At this point there was a stand for the sale of pralines, pecans, etc., on which bright lights were burning. The bus pulled away and he stood on the shoulder of the road which was on the west side of the highway talking to a friend. He then started across the paved part of the highway which was about 18 to 20 feet wide to go to his home. At the side of his home there was also a stand for the sale of pralines, pecans, etc., which was also well lighted.

The defendant in his car had come around a curve located about 1,000 feet north of the point where W. T. Smith stood and was approaching on his right-hand side of the road. Tendencies of the evidence showed that he could not have seen W. T. Smith until within about 200 to 300 feet of him because "the road rolls off there and those stands are just on the other side of the roll." Tendencies of evidence further showed that when the defendant first noticed W. T. Smith, he was on the righthand side of a little fruit stand apparently talking to someone and was moving toward the pavement with his head turned back toward the man he was talking to. Tendencies of the evidence further showed that at that time the defendant was about 200 feet away and pulled a little to the left. Tendencies of the evidence further showed that when the defendant was about 75 feet away, W. T. Smith started walking across the pavement looking straight ahead. Tendencies of evidence further showed the defendant was travelling between 45 to 50 miles per hour when he first saw Smith. He then took his foot off the accelerator and travelled in this way about 100 feet. The defendant could not say whether he gave any signal to Smith, except that he blinked his lights. He applied his brakes when he saw Smith start across the pavement. He was then 75 feet away. The brakes "screamed." Smith stopped when he heard the brakes and threw out his hand and, according to tendencies of the evidence, "kind of jumped back." The car caught him on the extreme lefthand point of the car and shoved him out of the way after the car had cut back when the defendant attempted to cut back to get behind him. According to the defendant if Smith had kept going, the car would have missed him. The defendant's car went just a few feet after it struck Smith. The car had not passed a full

length beyond Smith, Smith being about even with the back seat. He fell just off the edge of the pavement on the shoulder. After the accident the defendant jumped out of the car and with another man picked Smith up and the defendant asked him if he was badly hurt. Tendencies of the evience showed that "he mumbled and said, let me sit·down, and we took him to the bench there." According to the defendant, the defendant asked him to go with him to the hospital and Smith replied, "No, I will be all right, go ahead." To which defendant replied, "I cannot go and leave you." According to the defendant Smith further said, "You go ahead. I will be all right. I will have to be more careful about looking where I go." Tendencies of the evidence showed that the defendant then moved his car which "was smack in the middle of the road."

Ira Lee Ferris, witness for the plaintiff, was the man to whom W. T. Smith was talking when standing by the praline.stand at the side of the highway. He testified that before W. T. Smith started to cross, he looked both ways. He further testified as follows:

"Q. Did you carry on any further conversation with him after he started across? A. No.

"Q. Were you watching him, or were you watching the cars? A. Both.

"Q. You saw Mr. Lilley's car coming? A. I saw the headlights.

"Q. Was Mr. Smith watching that car? A. After he looked up the road, I don't think he ever looked again.

"Q. But you did? A. Yes.

"Q. And you didn't say a word to Mr. Smith? A. No, I just couldn't say a thing. I have thought of that a thousand times.

"Q. Did he ever look to his left? A. Just after the car got to him."

Assignments of error are based on the action of the court (1) in giving or refusing certain written charges and (2) certain rulings of the court on the evidence.

■ Assignment 1. It is argued that the plaintiff was entitled to the general affirmative charge, which the court refused to give. The court was not in error in this regard. Negligence of the defendant is sought to be predicated either on excessive speed under the circumstances or failure to give warning of his approach or driving on the wrong side of the highway. Sections 5, 36 and 9, Title 36, Code of 1940. But in order to be entitled to the affirmative charge not only must the defendant be guilty of negligence as a matter of law, but as a matter of law such negligence must have proximately contributed to plaintiff's injuries and plaintiff must have been free as a matter of law from contributory negligence. All of these issues were essential and we think clearly presented questions of fact for the jury. Brown v. Yielding, 206 Ala. 504, 90 So. 499; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Schrimsher v. Carroll, 225 Ala. 188, 142 So. 547; Racine Tire Co. v. Grady, 205 Ala. 423, 88 So. 337; 79 A.L.R. p. 1076. The general affirmative charge should not have been given when from the. evidence a reasonable inference can be drawn adverse to the party requesting the charge. Long-Lewis Hardware Co. v. Abston, 235 Ala. 599, 180 So. 261.

■ Assignments 2 and 3. These assignments are based respectively on the refusal of the court to give charges 5 and 12. The charges are argumentative and properly refused.

■ Assignment 4. The refusal of the court to give charge 18 is the basis of this assignment. The court was not in error in this ruling. The charge is misleading because it ignores the evidence on important issues as for example proximate cause and contributory negligence. Furthermore there is no error in refusing a charge which merely states an abstract proposition of law without instructing the jury as to its effect upon the issues in the case. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., supra.

■ Assignment 5. There was no error in giving charge 4 at the request of the defendant. W. T. Smith died after suit was brought by him. The suit was revived and but for the statute the death of W. T. Smith would have ended the suit. Section

150, Title 7, Code of 1940. In the trial of the present case the personal representative is entitled and limited to the same damages that the deceased could have recovered if he had lived. 25 C.J.S., Death, § 99, page 1240. Damages for the death of the decedent under the Homicide Act, Code 1940 Tit. 7, § 123, creates a distinct cause of action which comes into being only upon death from wrongful act. Bruce v. Collier, 221 Ala. 22, 127 So. 553; Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13. If death results from the wrongful act then the personal representative may recover only under the Homicide Act. Parker v. Fies & Sons, supra. So the court correctly charged that the death of W. T. Smith should not be considered by them in arriving at a verdict in this case. To have charged otherwise would be tantamount to a charge that there could be no recovery in the case at bar. Parker v. Fies & Sons, supra. The charge is consistent with the cause of action presented and insisted on by the personal representative in the present case.

 Assignment 6. There was no error in giving charge 5 at the request of the defendant. As applied to the facts in the present case it stated a correct principle of law. The car of the defendant did not approach W. T. Smith from the rear since he undertook to cross the highway perpendicular to the traffic. Adler v. Martin, 179 Ala. 97, 59 So. 597; W. W. Pickle & Canning Co. v. Baskin, 236 Ala. 168, 181 So. 765; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., supra; Montgomery City Lines v. Scott, 248 Ala. 27, 26 So.2d 200; Racine Tire Co. v. Grady, supra; Salsich v. Bunn, 205 Wis. 524, 238 N.W. 394, 79 A.L.R. 1069, 1073; 40 C.J.S., Highways, § 241, page 265. Even if it be conceded, as contended by appellant, that the charge is misleading, this would not justify reversal of the case. Howton v. Mathias, 197 Ala. 457, 73 So. 92; City of Birmingham v. Jackson, 229 Ala. 133, 157 So. 527.

Assignments 7 through 17a, inclusive. These assignments are directed to the overruling of objections to questions propounded by the defendant to the witness Marion P. Taylor. Marion P. Taylor operated an automobile garage and repaired and looked after the defendant's automobile from time to time. The accident in this case occurred on December 3, 1946. Questions were asked the witness as to the condition of the defendant's car on the 21st of November and on the 26th of November and on the 23d of December. The defendant testified without objection that his car was in good mechanical condition at the time of the accident and no issue was made that it was not. It results that even if it was error to inquire as to the condition of the car before and after the accident the admission of such evidence was harmless, since such evidence presented no controversy. The evidence was simply superfluous. Dowling v. Blackman, 70 Ala. 303; Milliken v. Maund, 110 Ala. 332, 20 So. 310.

We consider that the judgment of the lower court should be affirmed.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.