86 So.2d 654

### HUNTSVILLE PRODUCTION CREDIT ASSOCIATION
#### v.
### L. D. RIDGEWAY et al. d/b/a Ridgeway Brothers Gin Company.

7 Div. 349.

Court of Appeals of Alabama.

April 3, 1956.

Scott, Dawson & Scott, Fort Payne, for appellees.

W. M. Beck, Fort Payne, for appellant.

PRICE, Judge.

The complaint contained two counts. Count one is in trover for the alleged conversion of six bales of cotton. Count two seeks to recover damages in the sum of $800 for the destruction of a mortgage lien on the six bales of cotton described therein.

The court gave the affirmative charge for defendants. There was verdict and judgment for defendants and plaintiff appeals.

F. L. Amsler testified he is the Secretary-Treasurer of Huntsville Production Credit Association; that he has charge of the records of the Association, which are kept under his supervision and direction. A ledger

sheet identified by witness as showing the account of C. A. Noles and Conola Noles in 1948 was introduced in evidence.

Plaintiff offered in evidence, as an exhibit to the witness' testimony a crop and chattel mortgage dated January, 5, 1948, given to secure the payment of a promissory note of even date, described as "No. 1 for $600 due on demand after 10–1–48." The property conveyed by the mortgage was described as "All crops of cotton, corn, truck and other agricultural products growing or to be grown by Mortgagor and by any one for him, or in which he may have any interest, and produced during the year 1948 in said County and State, and particularly upon that certain parcel of land in said County and State described as follows:"

"The Farm, containing 40 acres, owned by C. A. & Conola Noles, and cultivated during said year by Mortgagor, located ½ miles South of Ten-
(Direction)
broeck, Alabama, Tenbroeck-Dawson
(On, or Distance
—————————— Public Road,
and Direction from)
bounded, on North, by lands of
—————— on East, by lands of
—————— on South, by lands of
Known as C. A. & Conola Noles farm and on West, by lands of ————."

The mortgage provided further: "This mortgage shall also secure any further loans made to mortgagor by mortgagee or assigns during said year."

The said mortgage was duly acknowledged and filed for record in the Probate Office of DeKalb County on January 8, 1948, and duly recorded.

Plaintiff introduced in evidence three promissory notes, one of even date with the mortgage, January 4, 1948, for the sum of $600; one dated March 29, 1948, for the sum of $80; one dated September 14, 1948, for the sum of $40, each of said notes payable "on demand after 10–1–48."

The notes dated March 29, and September 14, recite:

"This note evidences an additional advance made to the maker hereof under the provisions of, and in payment of which is secured by the chattel mortgage of the maker under date of 1–5–48 and of record in the office of the Probate Judge of DeKalb County, State of Alabama."

The witness testified that on October 1, 1948, the sum of $495, with interest, was due on these notes.

In December of 1949 the witness went to defendants' place of business and was shown the gin records. Gin receipts and a memorandum showing that six bales of cotton was ginned for C. A. Noles, the weight of each bale, the ginning cost, the date bought and the estimated value of each bale "@ 32 c" was introduced into evidence. These records show the cotton was bought on October 14, 1948; October 27, 1948; November 13, 1948 and December 13, 1948. Two other receipts showing sales made by Noles on September 23rd and October 1, 1948, but for which cotton appellant is not seeking to recover, were also introduced.

The witness testified that he was familiar with the price of cotton during October, November and December of 1948, and that cotton was selling at thirty to thirty-two cents per pound.

The trial court having indicated that in its opinion the appellant had not shown the cotton was grown by Noles on the land in question, appellant called as a witness Mr. B. S. Durham, who testified that in 1948 he was employed by the Huntsville Production Credit Association as an Inspector of crops and equipment. When asked, "Do you recall a place owned by C. A. or Conola Noles, are you familiar with it," the defendant objected, because it was not the way to prove who owned the land. Counsel then asked, "Do you know about it." The witness replied, "That is right." He testified he made an inspection of the crops of C. A. and Conola Noles on that farm; as far as he knew they had no other crops anywhere else and he never inspected any crops on any other farm in 1948; witness believed there was forty acres in the farm, which

was located approximately one mile Southeast of Tenbroeck. During a period of three years witness went out to the farm half a dozen times. In 1948 the Noles had corn and cotton on this farm, approximately eight to ten acres in cotton, and had an average crop. He was there at the starting of the picking season.

On cross examination the witness said Mrs. Noles told him she owned the place and talked to him of taking out insurance on it; Mrs. Noles didn't tell him the deed was in the name of her two little boys, made to them by their grandmother.

At the conclusion of this testimony the plaintiff rested its case and the court gave, at the request of the defendant in writing, the general affirmative charge.

The burden was upon the plaintiff to show not only that the cotton in controversy was raised by the mortgagor in De-Kalb County, but also that it was the product of lands in which the mortgagor had an interest at the time the mortgage was given. First Nat. Bank of Union Springs v. Ratley, 223 Ala. 455, 137 So. 26; Steele v. Brooks, 34 Ala.App. 584, 42 So.2d 63.

The general affirmative charge should never be given when from the evidence a reasonable inference can be drawn adverse to the party asking the charge. Long-Lewis Hardware Co. v. Abston, 235 Ala. 599, 180 So. 261; Smith v. Lilley, 252 Ala. 425, 41 So.2d 175.

We are of the opinion the recitals of the mortgage to the effect that Mr. and Mrs. Noles owned and were cultivating the land, together with the testimony of Mr. Durham that the Noles grew cotton on the farm that year, and so far as he knew, had no crops on any other lands that year, and the gin receipts issued by defendants to Noles, afforded a reasonable inference adverse to defendant. Porch v. Lewis, 6 Ala.App. 523, 60 So. 444; Woods v. Rose & Co., 135 Ala. 297, 33 So. 41.

Defendant contends that it was due the general affirmative charge because of plaintiff's failure to prove the averment of the

complaint that, "Defendants with notice of plaintiff's lien, removed said cotton or disposed of the same and refused after demand of the plaintiff to return and deliver said cotton to plaintiff, but on the contrary removed the same and converted it to their own use."

The duly recorded mortgage was notice to defendant of plaintiff's claim to the crops covered thereby. Wilson v. Cowart, 27 Ala.App. 110, 167 So. 602.

Although "Mere evidence of a sale of a mortgaged chattel without the consent of the mortgagee will not sustain an action on the case against the purchaser for destruction of the mortgage lien", Albertville Trading Co. v. Critcher, 216 Ala. 252, 112 So. 907, 910, cotton is a market product and, "after a reasonable time it may be inferred the buyer has passed it on to the consumer. So, where cotton is bought in September and suit brought in January following, and the purchaser, who has first knowledge of the facts, makes no showing that the cotton is still on hand and available to the mortgagee, a jury question is presented under such count." Brock v. Culpepper, 217 Ala. 289, 116 So. 126, 127.

The cotton here was bought in October, November and December of 1948. The suit was filed on July 24, 1950. Under the above principle, the defendant having offered no proof that the cotton was on hand and available to the mortgage, the inference is that the cotton had been disposed of so as to obstruct the enforcement of the lien.

Defendant also contends that the general affirmative charge was properly given as to count one of the complaint under the well settled rule that in the action of trover there must be a concurrence of the title to the property, general or special, and of possession, or the immediate right of possession, in the plaintiff, at the time of the conversion, Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Albertville Trading Co. v. Critcher, supra; Brock v. Culpepper, supra; that by the terms of the mortgage the

mortgagor was entitled to retain possession until the law day, and since the mortgage recites that the note, which it secures, was "due on demand after 10–1–48," and no demand after October 1, 1948 having been shown by the evidence, plaintiff's right of possession had not accrued so as to support the action of trover.

The note provides "On Demand after October 1, 1948, for value received, we * * * promise to pay," etc.

■ Where a note is payable on demand, without something to indicate a contrary intent, a demand for payment is not necessary to make the note due, it is due at once. Jackson v. Sample, 236 Ala. 486, 183 So. 646.

In Spragins v. McCaleb, 237 Ala. 658, 188 So. 251, 253, our Supreme Court quoted from Shapleigh Hardware Co. v. Spiro, 141 Miss. 38, 106 So. 209, 44 A.L.R. 393, as follows: " 'Where a speedy demand, or notice to pay, would manifestly violate the intent and purpose of the contract, or where delay in making demand was contemplated by the contract, actual demand was necessary to mature the note.' "

But regardless of whether or not actual demand after October 1, 1948, was required to mature the note, if nothing more appeared therein than the recitals set out above, in the body of the note, it is further provided: "The makers and endorsers of this note severally waive presentment for payment, demand, protest, and notice of non-payment thereof."

■ We are of the opinion, construing the instrument as a whole, that it was the intention of the parties that the note should become due on October 1, 1948, and that no actual demand was required after that date to mature it.

■ A chattel mortgage and the note which it secures are to be considered together as one instrument. Singer v. National Bond & Investment Co., 218 Ala. 375, 118 So. 561.

■ The note represents the indebtedness and the mortgage is collateral to it,

and "in case of irreconcilable conflict between the mortgage and the note, as to the time when the note is payable the date of the note will govern." 14 C.J.S., Chattel Mortgages, § 109, p. 721.

It was unnecessary that demand for payment by plaintiff be shown in order for it to maintain the action of trover.

For the error of the court in giving, at the defendants' request in writing, the general affirmative charge, the judgment is reversed and the cause remanded.

Reversed and remanded.